Phillip STALLINGS, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12765.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1959.

Emmons Arrington, Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

This is an appeal by Phillip Stallings, plaintiff in error, defendant below. The defendant was charged by information in the District Court of Pottawatomie County, Oklahoma, with the crime of selling intoxicating liquor to a minor on or about October 4, 1958, in violation of 37 O.S. 1951 § 5. Defendant pled not guilty to the charge, was tried by a jury, and convicted. The jury, being unable to agree on the penalty, left the determination thereof to the court, which sentenced him to a term of eight months in the state penitentiary and a fine of $750, an entered judgment and sentence accordingly.

The defendant first complains the court refused to sustain a demurrer to the state's evidence, and second, the court refused to direct a verdict in favor of defendant at the conclusion thereof. In substance, his attack in this regard is as to the alleged insufficiency of the evidence. Briefly, the state's proof revealed Trooper Bryce B. Wilde of the Highway Patrol, stationed in Pottawatomie County, was on patrol duty and was approaching the home of the defendant, traveling east, when he observed an automobile coming out of the defendant's private driveway on the south side of the street. He said it appeared the driver of the automobile was coming on out into the street and the trooper slowed down. The automobile did come out, without yielding the right of way, turned east, and the Trooper followed him into a drive-in cafe. Patrolman Wilde arrested the driver for failing to yield the right of way. He then searched the driver and the automobile and found in the automobile a half-pint of Bourbon Supreme whiskey, which was identified by the Trooper and offered in evidence. The driver of the automobile was identified as William Shaw, Jr., a minor, eighteen years of age. Shaw related to the officer he had purchased the whiskey from the defendant for $2. The officer took Shaw to the County Attorney where he was provided with marked money and was delivered back to the defendant's residence in order to make another purchase. Shaw went into defendant's home but was unable to make a purchase and returned empty handed.

Shaw's testimony was identical with the Trooper's in all details except Shaw testified the defendant told him he would not sell him any more whiskey because he was closed for the night. The Trooper said Shaw returned to the patrol car and said Stallings told him he had to close down for the night because a highway patrolman was

watching his place. In addition to the foregoing, Shaw testified he bought liquor from the defendant on a prior occasion. It is evidence why the trial court overruled the demurrer. The evidence makes a prima facie case for the determination of the jury.

The defendant testified in his own behalf, as did his wife, denying the sale. He said he had no liquor with which to make the sale, and further stated although he had seen Shaw in and around the drive-in, he had never met him. His wife said she never saw Shaw until she observed him at her husband's preliminary hearing. The defendant admitted he had prior convictions for drunk driving and unlawful transportation of intoxicating liquor. To substantiate his defense, he testified that his wife was then in poor health and that she was soon going into the hospital for a serious operation and hence, he had disposed of all his liquor in anticipation of that eventuality. A doctor testified substantiating this evidence of her condition and her intentions.

 Thus, a conflict in the evidence existed, which was for the sole determination of the jury. We are confronted with the rule as announced in syllabi 1, 2, and 3 of Hunt v. State, 81 Okl.Cr. 114, 161 P.2d 82, and repeated in numerous other cases, as follows:

"In considering the sufficiency of the evidence, the function of the court is limited to asertaining whether there is a basis in the evidence on which the jury could reasonably conclude that accused is guilty as charged.

"The jury is exclusive judge of the weight of the evidence and the credit to be given to the witnesses.

"Where there is competent and substantial evidence in the record from which the jury might reasonably conclude that the defendant is guilty of the crime charged, the jury's verdict will not be interfered with upon the ground that the evidence is insufficient to sustain the conviction."

See also Cawley v. State, 96 Okl.Cr. 53, 248 P.2d 273.

 Finally, the defendant asserts the court erred in not granting a continuance on the ground he did not receive a written docket notifying his counsel of the setting of the case for trial on December 8, 1958, and counsel was not ready for trial. Counsel offered no proof in support of his motion for continuance. The trial court stated the appearance docket showed the case was set for trial on December 8, 1958, on November 26, 1958. On this showing we cannot say the trial court abused its discretion. As was said in Garrison v. State, 57 Okl.Cr. 230, 47 P.2d 224, 225:

"An application for continuance on the ground of want of time to prepare for trial, is addressed to the sound discretion of the trial court, and the ruling of that court will not be disturbed on appeal, unless an abuse of discretion is shown."

In view of this record, the judgment and sentence is affirmed.