Theodore Michael BORRELLI, alias Johnnie Mike Solitaire, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14747.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Max M. Berry, Ponca City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Ralph C. Haynes, Dist. Atty., Daniel C. McClung, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge.

Theodore Michael Borrelli, alias Johnnie Mike Solitaire, hereinafter referred to as defendant, was charged, tried and convicted of the crime of Larceny of an Automobile in the District Court of Kay County, and from the judgment and sentence fixing his punishment at ten years imprisonment in the State Penitentiary, a timely appeal has been perfected to this Court.

Briefly stated, the facts adduced on the trial reveal that on the 16th day of July, 1967, Kathleen M. Adams was driving south from Arkansas City, Kansas, on U. S. Highway 177, when she saw the defendant hitchhiking along the side of the road. She offered the defendant a ride and drove him to Ponca City. After an interlude there, Mrs. Adams and the defendant started back north to Arkansas City, but a short distance from Ponca City, the defendant turned the automobile off the highway and stopped. After beating Mrs. Adams and leaving her bloody and hysterical along the side of the road, the defendant took the car and drove to a point several miles south of Ponca City where he had a collision with a train. The defendant was then arrested by police officers and placed in custody at the county jail of Kay County.

The defendant, an ex-convict with several prior convictions, testified in his own behalf and admitted riding with Mrs. Adams, but stated that he had not stolen the car and that she had let him out on the highway near Ponca City where he was picked up by another man who drove several miles out of Ponca City, and collided with a train. Defendant testified that this man left the scene and that he had attempted to notify the police, but was unable to do so until his arrest. He denied knowing that the automobile in which he was riding at the time of the collision with the train was the same automobile in which he had previously ridden with Mrs. Adams.

The defendant was arraigned in the District Court of Kay County on the 7th day of September, 1967, where he appeared with his counsel, Joseph A. Wideman, the Public Defender of Kay County. Then, after the case had been set for trial, the defendant asked that an attorney other than the Public Defender be appointed to represent him. The court obliged and on October 18, 1967, appointed Max M. Berry, a duly licensed and practicing attorney, to represent the defendant. The case was reset for October 24, 1967, and the defendant's motion for further continuance was overruled. The case was tried on October 25, 1967, after being delayed by another case.

As his first assignment of error, the defendant contends that the trial court should have sustained his Motion for Continuance after appointment of new counsel seven days before trial. We have held many times that the matter of a continuance is addressed to the sound discretion of the Court and is not subject to review except for abuse of that discretion. In Stallings v. State, Okl.Cr., 344 P.2d 1067, this Court held in Syllabus No. 4:

"An application for continuance on the grounds of want of time to prepare for trial is addressed to the sound discretion of the trial court and the ruling of that court will not be disturbed on appeal unless an abuse of discretion is shown."

We are of the opinion that the trial court did not abuse his discretion in overruling

the Motion for Continuance, and therefore hold that this assignment of error is without merit.

■ Defendant's second assignment of error has to do with whether or not theft from a wife of an owner constitutes a theft from the owner. In Sherfield v. State, 96 Okl.Cr. 223, 252 P.2d 165, this Court, speaking through the Honorable Judge Powell, had this to say in Syllabus No. 3:

"The actual status of the legal title to stolen property is no concern of the party charged with the theft thereof. So far as he is concerned, one may be taken as the owner who is in possession of the property and whose possession was unlawfully disturbed by the taking."

In accordance with Sherfield v. State, supra, we are of the opinion that in the instant case possession of the car by Kathleen M. Adams, wife of the owner, was sufficient ownership to justify the charge of larceny of an automobile, and therefore deem this assignment of error also to be without merit.

■ It is lastly contended that the trial court erred in its instructions to the jury. We here note that the complained of instruction was excepted to, but defendant did not offer a requested instruction, nor did he apprise the trial court of why the instruction was objectionable and afford the trial judge an opportunity to correct it. Under these circumstances we are of the opinion that the defendant has preserved nothing for review on appeal, for as was stated in Pickens v. State, Okl.Cr., 450 P.2d 837, in Syllabus No. 4:

"The trial judge should be given an opportunity to correct erroneous instructions before they are submitted to the jury. It should be called to his attention before submission to the jury, therefore averting the defendant from 'laying behind a log' with a contention of error."

Moreover, we observe that the evidence of the defendant's guilt is so overwhelming, that any error in the instructions, when considered as a whole, would not justify modification or reversal.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.