**Richard C. ORRILL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17782.**

Court of Criminal Appeals of Oklahoma.

March 23, 1973.

Rehearing Denied May 23, 1973.

Patrick A. Williams and A. Frank Skipworth, Jr., Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Linda Frye, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Richard C. Orrill, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Osage County, Case No. CRF–71–1018, for the crime of Assault and Battery with a Dangerous Weapon. He was sentenced to serve a term of five (5) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court. Judgment and sentence affirmed.

Briefly stated, the facts reflect that on December 18, 1971, C. J. Newhouse was a resident of Hominy, Oklahoma, and on that evening had driven to a neighborhood store to purchase some groceries. After having completed his shopping, he returned to his car which was parked directly in front of the store and upon reaching his vehicle, he observed a woman attempting to pull in or out of the store parking lot right next to his car. After testifying to a brief conversation with the woman as to whether she could make it into or out of the parking space, Mr. Newhouse stated that this conversation was the last thing he could remember until the next morning when he awoke in the hospital.

Don Endress, a mechanic in Hominy, testified that he was inside the store when the fight began, but that he had not seen it start. He stated that he had seen the defendant strike Mr. Newhouse and immediately thereafter, an older man got out of the driver's side of the defendant's car and came around to where Mr. Newhouse was standing, struck him and knocked him down. At this point, the witness stated the defendant and the older man proceeded back to their vehicle, but before reaching it, the defendant returned to where Mr. Newhouse was lying and kicked him along his left jaw.

Richard Haines next testified that he was directly across the street working on his truck during the altercation. His testimony as to what occurred was substantially the same as that of Mr. Endress.

Dr. Robert Henry, II, testified that he treated Mr. Newhouse in the emergency room of the Hominy Hospital. He stated that an examination revealed abrasions and swelling of the face and shoulders and a large laceration on his chin, and that due to the age of Mr. Newhouse, the injuries he had sustained could have brought about his death.

The defendant testified in his own behalf. He stated that on the day in question, he and his father were traveling through Hominy and had to stop their vehicle behind another attempting to pull into a parking lot; that while stopped he observed Mr. Newhouse say something and point at their vehicle. The defendant stated that he thought something may have been wrong with his car so he got out to check it and at that time, Mr. Newhouse approached and struck at him. He stated that due to the fact that he had surgery on his right knee, he was attempting to push Mr. Newhouse away so as to avoid reinjuring his knee. He further testified that his father got out of the car to help him and that consequently, Mr. Newhouse and the defendant's father fell to the ground. Upon attempting to return to his vehicle, the defendant testified observing Mr. Newhouse reach inside his shirt and that he walked back to where he was lying and kicked at his left shoulder with his right foot. He further stated that he did not intend to kill Mr. Newhouse or seriously injure him.

█ As the first proposition, defendant asserts that the verdict is not sustained by sufficient evidence and is contrary to law. The thrust of this proposition has two components; one, that the State did not meet its burden of proof nor sufficiently prove beyond a reasonable doubt that the kick administered by the defendant was of such a nature that the injury could have

resulted in death; and two, the injury shown by the State was not sufficient to establish the degree that is needed in such a case to prove assault and battery with a dangerous weapon where shoes are used as the alleged weapon.

Defendant's first contention under this proposition is without merit in that the defendant was not convicted of assault and battery with intent to kill, hence claiming that the State failed to prove the kick lethal is meaningless.

◼ As to defendant's second contention under this proposition, he cites and primarily relies on Smith v. State, 79 Okl.Cr. 151, 152 P.2d 279 (1944), wherein this Court held that:

"Under the law, a pair of shoes, such as worn by the defendant, are not a dangerous weapon per se. There can be no question but that by their manner of use they might under certain circumstances become a dangerous weapon; as, for instance, where the evidence revealed that they were used to stomp one to death, *or to inflict great bodily injury. The manner of their use would determine the fact as to whether or not they were a dangerous weapon.*" (Emphasis added)

In *Smith, supra,* the victim's jaw was broken first, i. e., the injury was inflicted prior to the time when the kicking was administered. It can be seen that the factual situation in *Smith* differs from that of the present case. Here the victim did not receive potentially fatal injuries until the "kick" was administered by the defendant.

The facts in the immediate situation amply support the requirement that shoes can be deadly weapons from the manner in which they were used. In the first place, the prosecuting witness, Mr. Newhouse, was 73 years of age and while a younger individual could better withstand the severe kick as was inflicted, Dr. Henry's testimony revealed that such a blow to an older man could indeed be fatal. Additionally, since cowboy boots were used rather than shoes, the probability of them being a dangerous weapon is enhanced.

The issue as to whether the "boots" were a dangerous weapon was a factual determination for the jury to determine. This Court has repeatedly held that where there is competent evidence in the record to support such a finding of fact, it will not be disturbed on appeal. Lawson v. State, Okl.Cr., 479 P.2d 600 (1971).

◼ Defendant's second and last proposition asserts error of the court in giving an instruction to the jury regarding the definition of the term "reasonable doubt." The record indicates that the defendant failed to object to the giving of the instruction in question. It is the general rule of this Court where the defendant did not object to the instruction at the time it was given, he has not properly preserved any error therein, and it is not reviewable on appeal. Griffin v. State, Okl.Cr., 453 P.2d 278 (1969); Giddens v. State, Okl. Cr., 452 P.2d 159 (1969).

Notwithstanding the fact that it has been the rule in this State since statehood that it is error for the court to define the term reasonable doubt, it is necessary for the defendant to enter his objection and preserve his exceptions to the instruction. In a close case, the giving of such instruction is sufficient to reverse the conviction; but the facts of the instant case reveal that the question is not close; and insofar as the defendant may waive any of his constitutional rights, we cannot do otherwise in this case than to hold that defendant waived his objection to the instruction now complained of.

This Court discussed the instruction of which defendant complains in the early case of Harris v. State, 10 Okl.Cr. 417, 137 P. 365 (1914). While holding that the defining of reasonable doubt is error, and shifts the burden of proof from the state to the defendant, this Court also held that unless the objection is entered the error becomes harmless. This Court has also held that the defendant must also show how he was prejudiced by the error. In the instant case the error complained of was not objected to at trial, was not raised

in the motion for new trial, and is now raised on appeal for the first time. The jury assessed considerably less punishment than is authorized by statute for the maximum; consequently, we fail to see how defendant was prejudiced by the instruction.

However, we specifically admonish the trial judge to remove from his set of jury instructions the instruction defining the term "reasonable doubt." As stated hereinbefore, had this case been a close factual matter that instruction alone would have been sufficient to reverse the conviction. But insofar as defendant's guilt is clear and is sufficiently sustained by the evidence produced; and the court's other instructions properly placed the case before the jury, we hold that defendant's conviction should be affirmed.

It is therefore ordered that the judgment and sentence in District Court of Osage County, Oklahoma, case number CRF–71–1018, shall be affirmed.

BLISS, P. J., and BUSSEY, J., concur.