Charles RHINEHART, and Julia Rhinehart, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. F–78–434.

Court of Criminal Appeals of Oklahoma.

April 3, 1980.

E. Melvin Porter, Oklahoma City, for appellants.

Jan Eric Cartwright, Atty. Gen., Timothy S. Frets, Asst. Atty. Gen., Michael L. Bardrick, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellants, Charles Rhinehart and Julia Rhinehart, were charged jointly with the offense of Larceny of Domestic Animals pursuant to 21 O.S.1971, § 1716, in the District Court, Coal County, Case No. CRF–77–4. At the jury trial, both appellants were found guilty of the offense charged. Appellant Charles Rhinehart was sentenced to serve a term of ten (10) years' imprisonment and appellant Julia Rhinehart received a sentence of three (3) years' imprisonment.

At trial, Bob Cody testified he discovered eight cows and one calf missing from his land on November 8, 1976. He stated that the missing cattle were branded with a diamond and an "H" on the left hip and thigh. Mr. Cody identified from photographs four of the missing animals which were found at the Ada stockyards.

Sheriff F. R. Heck testified that three cows and one calf, all bearing diamond and "H" brands were discovered at the Ada stockyard on January 4, 1977. He stated that the cattle had been billed in at the stockyard by Roy Belvin. Questioning of Belvin revealed that he had purchased the cattle from the appellants. Sheriff Heck testified further that appellant Charles Rhinehart, after being advised of his *Miranda* rights, admitted that he had stolen the cattle and sold some of them to Roy Belvin in return for a check made payable to Julia Rhinehart. On cross-examination Sheriff Heck stated that during the interrogation of Charles Rhinehart he specifically stated that Julia Rhinehart was not with him when the cattle were stolen. Sheriff Heck concluded his testimony by stating that he had no knowledge of any promises or threats having been made to Charles Rhinehart.

The remaining witnesses for the State testified to facts substantially corroborating

the testimony of Sheriff Heck, regarding the statements made by Charles Rhinehart.

Appellant Julia Rhinehart testified that she sold several head of cattle to Roy Belvin in return for a check payable to her, which upon receipt she endorsed and deposited in the bank. She stated that she did not steal any cattle or have any knowledge that four of the cattle sold to Belvin were stolen.

The last witness, Charles Rhinehart, testified that he was currently incarcerated at Stringtown Correctional Center, serving sentences totalling 70 years. He stated that he confessed to Sheriff Heck after being promised a suspended sentence and dismissal of the charges against his wife, Julia Rhinehart.

In the first assignment of error, appellant Charles Rhinehart contends that the trial court committed reversible error by forcing him to stand trial in prison clothing. The record reveals that prior to trial Charles Rhinehart moved through his attorney to be allowed to change from prison garb to civilian clothing. The court denied the motion and immediately thereafter the jury was impanelled and the cause tried.

■ It is well established that it is error to compel an accused to appear before a jury in prison clothing where a timely request has been made for civilian clothing. See *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). The consequences of compelling a criminal defendant to appear before a jury in prison clothing are set forth in *Watt v. Page*, 452 F.2d 1174 (10th Cir. 1972), *cert. denied*, 405 U.S. 1070, 92 S.Ct. 1520, 31 L.Ed.2d 803 (1972), wherein the court refused to apply a rule requiring automatic reversal when such an error occurs. Rather, the court held that a conviction need not be reversed if the error was harmless under the test applied in *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), that test being whether or not the appellate court could say that an error was harmless beyond a reasonable doubt considering the factor of overwhelming evidence. See also *Lenhart v. State*, Okl.Cr., 503 P.2d 918 (1972), and *Alexander v. State*, Okl.Cr., 493 P.2d 458 (1972).

■ Turning to the instant case, it is readily apparent that the trial court's ruling was erroneous. However, in applying the rule in *Watt v. Page*, supra, we cannot say that this conviction requires reversal. The evidence at trial overwhelmingly established the guilt of Charles Rhinehart. Furthermore, we believe that the prison attire had little if any effect on the jury since the appellant testified that he was serving sentences on other convictions at the time of the trial in the instant case. Finally, we conclude that the appellant Charles Rhinehart has failed to demonstrate prejudice, a necessary prerequisite for any claim of error. See *Wofford v. State*, Okl.Cr., 581 P.2d 905 (1978). For the foregoing reasons we find no merit to the first assignment of error.

■ In the second assignment of error, appellant Julia Rhinehart asserts that the trial court erred in overruling her demurrer to the evidence and motion for a directed verdict of acquittal. She contends the evidence was insufficient to show that she was involved in the actual taking of the cattle, which is a necessary element of the crime of larceny. This assertion is well taken because the evidence at trial showed no more than possession and sale of 19 head of cattle, four of which had been stolen six weeks prior to their sale.

In *Underhill v. State*, 70 Okl.Cr. 39, 104 P.2d 447 (1940), we held that:

"[T]he possession of recently stolen goods is a strong circumstance to be considered in a larceny prosecution; but the possession of stolen property alone, and without any additional testimony, will not sustain a charge of larceny. It may be slight and wholly circumstantial, but there must be some evidence to connect the defendant with the original asportation. . . ."

We recently reaffirmed this holding in *Clonce v. State*, Okl.Cr., 588 P.2d 584 (1978).

In the case at bar we are unable to find any evidence, direct or circumstantial, linking appellant Julia Rhinehart to the taking of the cattle and, accordingly, hold that the

trial court erred in overruling her demurrer to the evidence.

For all of the above and foregoing reasons, appellant Charles Rhinehart's conviction is *AFFIRMED* and appellant Julia Rhinehart's conviction is *REVERSED* with orders to *DISMISS*.

CORNISH, P. J., concurs in results.

BUSSEY, J., concurs.