**Arlie Ray TAYLOR, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–81–8.

Court of Criminal Appeals of Oklahoma.

Feb. 22, 1983.

Patti Palmer, Deputy Appellate Public Defender, Drew Campo, Sp. Counsel, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., James B. Franks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant, Arlie Ray Taylor, was convicted in the District Court of Lincoln County of Robbery with Firearms After Former Conviction of a Felony and sentenced to twenty-five years' imprisonment.

On April 24, 1980, a man identified at trial as the appellant, entered the Happy Foods convenience store in Stroud, Oklahoma. After getting a can of pop from the shelf he went to the counter and demanded that the manager turn over the money in the cash register. He then pulled out a small caliber blue steel handgun. The manager stated that for three minutes she stood face to face with the appellant at a distance of two feet. She positively identified the appellant from photographs shown to her at the Stroud Police Station.

### I

The appellant maintains he was deprived of the right to a fair trial when the assistant district attorney attempted to define reasonable doubt during closing argument:

> ... And your burden is not beyond all possible doubt because as the Court instructed you, there's doubt in everything in this world. There's doubt as to our existence, but what is reasonable in this case?

▌ The phrase "reasonable doubt" is self-explanatory and definitions of it do not clarify its meaning but tend to confuse the jury. Therefore it is inadvisable to define "reasonable doubt" at trial. *Johnson v. State,* 632 P.2d 1231 (Okl.Cr.1981). The error in defining the phrase must be preserved by a timely objection, *Orrill v. State,* 509 P.2d 930 (Okl.Cr.1973); here the defense failed to do so. In light of the strength of the victim's positive identification of the appellant and the fact that the defense did not produce any evidence to refute the State's case, we find that the unpreserved error is harmless, especially where the remark did not create an erroneous impression. Cf. *Johnson v. State, supra* (where the prosecutor stated that "reasonable doubt" does not mean that the State has "the burden of proving absolute mathematical certainty beyond all doubt").

### II

In his second proposition of error, the appellant asserts the prosecutor improperly influenced the jury's assessment of punishment by referring to the pardon and parole system.

The comments complained of during the second-stage proceedings were:

> ... If you'll look at this Judgment and Sentence we have over here as State's Exhibit No. 1, you'll notice that he was convicted on the first day of March last year and sentenced to five (5) years. He's out on the street again and he's convicted of another robbery on April 24th, 1980. One year and one month after the conviction. *I want you to think very carefully about what's implied there,* I recommend to you that you bring back a verdict of fifty years in this case. And I don't think that's out of line, that's my recommendation to you with regard to the severity of the crime that has occurred with regard to the kind of punishment that needs to be inflicted. [Emphasis ours.]

\* \* \* \* \* \*

I recommended fifty years for a reason. I ask you to think about what I have said. Think about what was said about the time of the conviction and the sentence he received the last time. You'll notice in your information—your instructions that the crime of Robbery With Firearms is punishable by a minimum of five (5) years, that's a first offense. That's what they give him last time, that didn't do any good. Here he is again eleven months later after receiving five years, he committed another robbery. The minimum in this case is ten years, you may assess punishment to life. Ten years is the minimum. I recommend to you that a proper sentence in this case would be fifty years. I think if you'll consider and deliberate very carefully, you'll understand why.

Unmistakable reference to the possible eventuality of future parole is an undesirable intrusion into the jury's deliberative processes. *McKee v. State,* 576 P.2d 302 (Okl.Cr.1978). Such references are grossly prejudicial to an accused, and constitute the improper injection of administrative procedures into the judicial process. *Bell v. State,* 381 P.2d 167 (1963). The appropriate inquiry is whether in light of the totality of the closing argument, the prosecuting attorney made such an unmistakable reference to the pardon and parole system so as to result in prejudice to the defendant, thus warranting modification. *Webb v. State,* 546 P.2d 642 (Okl.Cr.1976). We are of the opinion that the prosecutor's argument does refer, although indirectly, to the pardon and parole system. Therefore, in fairness, the appellant's sentence must be modified.

### III

In his third assignment of error, the appellant urges ineffective assistance of counsel deprived him of his right to a fair trial.

In *Johnson v. State,* 620 P.2d 1311 (Okl.Cr.1980), this Court adopted the reasonably competent assistance of counsel standard for measuring effective assistance of counsel. To arrive at a qualitative meas-

urement of the effectiveness of counsel the Court should look to counsel's overall performance. A heavy burden is clearly upon the appellant to establish inadequate representation. This burden is not sustained by simply pointing out possible errors in counsel's judgment or lack of success in defense. Neither hindsight nor lack of success is the proper measure for determining the adequacy of legal representation. *Walker v. State,* 550 P.2d 1339 (Okl.Cr.1976).

The appellant contends that his defense counsel failed to file the appropriate discovery motions; however, the record gives no indication that the State possessed any discoverable material. It is further asserted that a motion for continuance was presented in an improper form without a supporting affidavit. But again the appellant has made no showing of any testimony available to support such affidavit. Further the defense counsel made a record of the fact that the appellant could not advise him of the whereabouts of any potential alibi witnesses.

Nor are we pursuaded that the defense counsel fell below the standard imposed when he did not object to the State's presentation of evidence of a pre-trial photographic lineup. Instead, defense counsel chose to attempt to impeach the witness's recollection through cross-examination. This strategical decision to attack her certainty in her pre-trial identification does not evidence incompetency of counsel under the Sixth Amendment.

The appellant next attacks counsel's failure to object to instructions on robbery by force and to object to improper prosecutorial comment. Since robbery by force or fear is a lesser included offense of robbery with firearms, we find no merit in this challenge. Although defense counsel could well have lodged objections to the prosecutor's attempt to define reasonable doubt and his indirect reference to the pardon and parole system, these errors under the respective and particular circumstances of this case do not merit reversal. We therefore will not base a finding of incompetency on these grounds.

Lastly, it is contended that the defense counsel showed a lack of concern for the physical appearance of his client. Although it has been recognized that requiring a defendant to appear before a jury while dressed in prison clothing may be a violation of the Fourteenth Amendment, *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Rhinehart v. State,* 609 P.2d 781 (Okl.1980), defense counsel is not required to provide a proper wardrobe for his client. The appellant did not appear in prison clothing, rather in jeans and a t-shirt. Therefore, this contention is devoid of merit.

We are of the opinion that the appellant received the benefit of effective representation; the judgment is therefore AFFIRMED. However, the sentence is MODIFIED to fifteen (15) years of imprisonment for the reason discussed in Proposition II.

BRETT, J., concurs.

BUSSEY, P.J., concurs in part and dissents in part.

BUSSEY, Presiding Judge, concurring in part and dissenting in part:

While I agree that the judgment and sentence should be affirmed, I must respectfully dissent to the modification of the sentence for two reasons. First, the now complained of closing argument by the prosecutor was not objected to at trial and preserved for review on appeal; and secondly, assuming that the comments were properly objected to, I do not find that they constitute an unmistakable, indirect reference to the pardon and parole system, rather they seem to reflect the desirability of increased punishment for one who has not learned from a recently imposed punishment.