F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JAN 22 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

TERRENCE R. BRIDGEFORTH,

    Petitioner-Appellant,

v.

RON WARD,

    Respondent-Appellee.

No. 02-6085
(W.D. Okla.)
(D.Ct. No. 97-CV-999-M)

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Circuit Judge, **SEYMOUR**, Circuit Judge, and **BRORBY**, Senior Circuit Judge.

Pursuant to 28 U.S.C. § 2254, Terrence R. Bridgeforth, an Oklahoma state prisoner, appeals the judgment of the district court denying his petition seeking a writ of habeas corpus. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Facts and Prior Proceedings

An Oklahoma jury tried and convicted Mr. Bridgeforth of two counts of assault and battery with a dangerous weapon after a felony conviction. He subsequently received a sentence of two consecutive ten-year terms of imprisonment. Mr. Bridgeforth's convictions stemmed from two incidents where he attacked his girlfriend. In the first incident, Mr. Bridgeforth repeatedly struck the victim with a doubled-up coat hanger, and in the second incident he attacked and kicked her while wearing steel-toed boots.

Following his state district court conviction, Mr. Bridgeforth, through new counsel, filed a direct appeal in the Oklahoma Court of Criminal Appeals. Mr. Bridgeforth asked his new counsel to present additional arguments to the Oklahoma Court of Criminal Appeals not contained in the brief she drafted on his behalf. Believing the additional claims to be without merit, appellate counsel refused to supplement her brief with another prepared by Mr. Bridgeforth.

Thereafter, Mr. Bridgeforth submitted an application to dismiss his appellate counsel and proceed *pro se*, which the Oklahoma district court granted. Mr. Bridgeforth then submitted to the Oklahoma Court of Criminal Appeals a *pro se* "Motion to Supplement Amended Brief in Error," informing the court of his

*pro se* status and explaining his appellate counsel's brief did not include a number of propositions set forth in his amended brief. The Oklahoma Court of Criminal Appeals denied the motion to supplement and also denied relief with respect to the issues addressed in his direct appeal counsel's brief.

Mr. Bridgeforth next filed a *pro se* application for post-conviction relief, which the Oklahoma district court also denied. With respect to Mr. Bridgeforth's post-conviction relief appeal, the Oklahoma Court of Criminal Appeals denied relief on jurisdictional grounds, finding Mr. Bridgeforth "failed to perfect his application for post-conviction relief within 30 days from the date of the final order of the District Court pursuant to Title 22 O.S. Supp. 1994, Ch. 18 Rules of the Court of Criminal Appeals, Rule 5.2(C)(1)." Consequently, the Oklahoma district court denied Mr. Bridgeforth's motion to appeal the denial of post-conviction relief, and the Oklahoma Court of Criminal Appeals affirmed.

Pursuant to 28 U.S.C. § 2254, Mr. Bridgeforth filed a federal habeas corpus petition in federal district court, asserting six grounds for relief: (1) denial of effective assistance of appellate counsel; (2) denial of effective assistance of trial counsel; (3) improper joinder of the two assault and battery counts in one trial; (4) erroneous admission of other crimes evidence; (5) improper sentence

enhancement based on a prior conviction; and (6) insufficient evidence to support his conviction under either count. The district court assigned Mr. Bridgeforth's habeas petition to a federal magistrate judge for review and a recommendation. After careful review of the petition, the magistrate judge recommended denying Mr. Bridgeforth's petition in its entirety.

The magistrate judge determined Mr. Bridgeforth's first five claims were procedurally barred on independent and adequate state grounds because the Oklahoma Court of Criminal Appeals declined jurisdiction of his appeal from the Oklahoma district court's denial of his application of post-conviction relief because Mr. Bridgeforth failed to perfect his appeal within the thirty-day time limit imposed by Title 22 O.S. Supp. 1994, Ch. 18, Rules of the Court of Criminal Appeals, Rule 5.2(C)(1). In the alternative, the magistrate judge also decided the merits of the claims did not warrant habeas relief.

Regarding the sufficiency of the evidence claim, the magistrate judge decided Mr. Bridgeforth's argument involving the coat hanger incident was procedurally barred for failure to raise the argument on direct appeal and for failure to timely appeal the denial of post-conviction relief. However, the magistrate judge determined Mr. Bridgeforth arguably raised a sufficiency of the

evidence argument as to his conviction involving the steel-toed boots in his direct appeal and thus preserved the issue for habeas review. The magistrate judge then reviewed the evidence concerning the steel-toed boots attack and recommended the district court deny relief.

After a *de novo* review of the magistrate judge's report and recommendation, the district court adopted in full the report and recommendation and denied Mr. Bridgeforth's habeas petition. We granted Mr. Bridgeforth a certificate of appealability on four of his claims.

## II. Discussion

On appeal, Mr. Bridgeforth renews four claims the district court rejected and brings an additional claim not raised before the district court. Specifically, Mr. Bridgeforth alleges: (1) he did not receive effective assistance of appellate counsel; (2) he did not receive effective assistance of trial counsel; (3) the district court erroneously admitted evidence of other crimes; (4) insufficient evidence supports his two convictions; and (5) the Oklahoma Court of Criminal Appeals denied him his Sixth Amendment right to defend himself on direct appeal.

In reviewing the district court's denial of habeas relief under 28 U.S.C.

§ 2254, our standard of review depends on whether the state courts considered the particular claim. "If the claim was not heard on the merits by the state courts, and the federal district court makes its own determination in the first instance, we review the district court's conclusion of law de novo and its findings of fact, if any, for clear error." *LaFevers v. Gibson*, 182 F.3d 705 (10th Cir. 1999) (citing *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998)). "But when reviewing the merits of a claim already decided by the state courts, we are bound to deny relief unless the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court' or 'resulted in decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)).

## A. Newly Raised Sixth Amendment Claim

Mr. Bridgeforth argues the Oklahoma Court of Criminal Appeals denied him his constitutional right to self-representation in his direct appeal. Before we may consider Mr. Bridgeforth's claim, he must obtain a certificate of appealability as explained in 28 U.S.C. § 2253(c)(1)(A). *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). *See also* Fed. R. App. P. 22(b)(1). Therefore, rather than examine the merits of Mr. Bridgeforth's claim, we instead

construe his argument as a request for a certificate of appealability on this issue.

To obtain a certificate of appealability, Mr. Bridgeforth must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Bridgeforth did not raise his Sixth Amendment claim before the district court. We generally require even pro se litigants like Mr. Bridgeforth to preserve issues for appeal by raising them in the district court. *C.f. Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Here, Mr. Bridgeforth has not explained why he did not raise the issue before the district court nor given us a reason to depart from our general rule. Because we need not consider his claim, we deny his implied request for a certificate of appealability. *See Walker v. Mather (In re Walker)*, 959 F.2d 894 896 (10th Cir. 1992); *United States v. LaHue*, 261 F.3d 993, 110 n.21 (10th Cir. 2001), *cert. denied*, 534 U.S. 1083 (2002).

**B. Procedural Default for Failure to Appeal Denial of Post-Conviction Relief**

We turn next to Mr. Bridgeforth's claims that trial and appellate counsel were ineffective and that the district court erroneously admitted evidence of Mr. Bridgeforth's other crimes. As previously discussed, the federal district court held these are claims procedurally barred on independent and adequate state grounds. Specifically, the court held Mr. Bridgeforth's claims were barred because he failed to appeal the state district court's order denying post-conviction

relief on these grounds within thirty days as required by Rule 5.2(C)(1) of Oklahoma's Rules of the Court of Criminal Appeals. Having reviewed the pleadings and record on appeal, we affirm the district court's decision with respect to the procedural default issue.

As a general rule, we "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). We have previously held the thirty-day time limit in Rule 5.2(C) is an adequate state procedural rule barring federal habeas review. *See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998); *see also Johnson v. Champion*, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002). The Rule is likewise independent because the state relied on it exclusively in reaching its disposition. *See* Johnson, 288 F.3d at 1227 n.3; *Duvall*, 139 F.3d at 797.

Mr. Bridgeforth may, however, avoid the general rule preventing us from considering claims procedurally defaulted in state court if he establishes "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claims will result in a

fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To show cause, Mr. Bridgeforth must demonstrate "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show a fundamental miscarriage of justice will occur, Mr. Bridgeforth must demonstrate a constitutional violation "probably resulted in the conviction of one who is actually innocent." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir. 1993).

After carefully reviewing Mr. Bridgeforth's arguments and the record on appeal, we agree with the federal district court: Mr. Bridgeforth fails to establish cause. Similarly, he has not put forward an argument that he is factually innocent and thus fails to establish a fundamental miscarriage of justice will result if we refuse to consider his claims. Therefore, we affirm the district court's decision with respect to these procedural bar issues and will not further address Mr. Bridgeforth's claims of ineffective assistance of appellate counsel, ineffective assistance of trial counsel, or the Oklahoma district court's erroneous admission of other crimes evidence.

## C. Insufficiency of the Evidence Claims

Mr. Bridgeforth next argues the federal district court erroneously concluded

his insufficiency of the evidence claim involving the coat hanger was procedurally barred. Mr. Bridgeforth also argues insufficient evidence was presented at trial to support guilty verdicts on each of the two counts of assault with a dangerous weapon after a felony conviction. Specifically, he claims the government failed to establish the coat hanger and steel-toed boots were dangerous per se, and failed to prove "beyond a reasonable doubt that the [items were] 'likely to produce death or great bodily harm in the manner [they were] used.'" We conclude these arguments are unpersuasive.

### 1. Coat Hanger Conviction

The federal district court held Mr. Bridgeforth's habeas request based on his argument there was insufficient evidence to support his conviction based on the coat hanger incident was barred by independent and adequate state grounds because Mr. Bridgeforth failed to raise this claim on direct appeal and because, after raising the issue in his post-conviction relief proceeding, Mr. Bridgeforth failed to timely appeal the state court's denial of relief. We agree.

Because of this procedural bar, as previously discussed, to obtain review of this claim before this court, Mr. Bridgeforth must demonstrate cause for his default and actual prejudice as a result; or he must establish a fundamental

miscarriage of justice will result if we decline consideration. *Coleman*, 501 U.S. at 750. In his brief, Mr. Bridgeforth provides no cause for his default.[1] We also conclude no miscarriage of justice will result from our failure to review this claim. Accordingly, we affirm the district court's decision that Mr. Bridgeforth's insufficiency of the evidence claim as to the coat hanger conviction is procedurally barred from habeas review.

### 2. Steel-toed Boots Conviction

Because Mr. Bridgeforth raised his insufficiency of the evidence claim as to the steel-toed boots conviction on direct appeal, we review the merits of the claim. Mr. Bridgeforth contends the state presented insufficient evidence to support the jury's verdict as to one element of the offense: that the steel-toed boots were "a dangerous weapon" under Okla. Stat. tit. 21, § 645. He argues the state failed to prove the boots were "'likely to produce death or great bodily harm in the manner [they were] used.'" He points out the state offered no evidence the

---

[1] Mr. Bridgeforth does argue his counsel was deficient for failing to raise this claim on direct appeal. Ineffective assistance of appellate counsel may establish cause for a procedural default. *Banks v. Reynolds*, 54 F.3d 1508, 1514 (10th Cir. 1995). However, as the Supreme Court decided in *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000), a claim of ineffective assistance offered to show cause for a procedural default may itself be procedurally defaulted. Here, Mr. Bridgeforth failed to timely appeal the denial of his motion for post-conviction relief where he originally raised his ineffective assistance of appellate counsel claim. Thus, this avenue of relief is also barred.

victim actually suffered great bodily harm.

In an insufficiency of the evidence claim, the relevant constitutional consideration is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Our task on habeas review is to determine whether the Oklahoma Court of Criminal Appeals' disposition of this issue was reasonable. *See McCracken v. Gibson*, 268 F.3d 970, 981 (10th Cir. 2001), *cert. denied*, 537 U.S. 841 (2002). Thus, we briefly examine relevant Oklahoma law.

To sustain a conviction for assault and battery with a dangerous weapon under Oklahoma law, the state must prove, beyond a reasonable doubt, the defendant committed the assault *with a dangerous weapon*. Okla. Stat. tit. 21, § 645; *Sherburn v. State*, 787 P.2d 1282, 1284 (Okla. Crim. App. 1990). Oklahoma courts have concluded whether an object may be classified as a dangerous weapon under § 645 depends upon the manner in which it was used. *Sherburn*, 787 P.2d at 1284; *Smith v. State*, 152 P.2d 279, 281 (Okla. Crim. App. 1944). Applying this standard, Oklahoma courts have, on several occasions,

upheld verdicts finding shoes dangerous weapons.  *See, e.g., Sankadota v. State*, 591 P.2d 324, 326 (Okla. Crim. App. 1979); *Orrill v. State*, 509 P.2d 930, 932 (Okla. Crim. App. 1973); *Hay v. State*, 447 P.2d 447, 451-52 (Okla, Crim. App. 1968).

Here, the Oklahoma Court of Criminal Appeals determined "evidence was presented to the jury that [Mr. Bridgeforth] kicked [the victim] three or four times in the face and chest with [the steel-toed] boots....  Clearly, there is sufficient evidence that a jury could find that the boots worn by [Mr. Bridgeforth] were used as a dangerous weapon – same was and is a question of fact."  Although Mr. Bridgeforth suggests his conviction cannot stand absent evidence the victim actually incurred severe bodily harm, our review of Oklahoma law indicates the Oklahoma Court of Criminal Appeals could reasonably interpret state law to only require evidence that the item in question was used in a manner *likely* to produce death or severe bodily harm.  *See Sankadota*, 591 P.2d at 326; *Hay*, 447 P.2d at 451-52; *Orrill*, 509 P.2d at 932.  The court acted reasonably in determining the jury could have found steel-toed boots, when used to kick a person in the face and chest, likely to produce death or severe bodily injury.  We therefore affirm the district court's denial of Mr. Bridgeforth's insufficiency of the evidence claim as to the steel-toed boots conviction.

## Conclusion

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Bridgeforth's petition for a writ of habeas corpus. We also deny Mr. Bridgeforth's implied request for a certificate of appealability on his Sixth Amendment claim.[2]

> **Entered by the Court:**
>
> **WADE BRORBY**
> United States Circuit Judge

---

[2] We deny Mr. Bridgeforth's "Motion to Amend Certificate of Appealability and Amendment." After oral argument Mr. Bridgeforth filed a "*Pro se* Motion to, By and Through Written Brief, Supplement/Amend/Traverse His Position at Oral Argument in Matter of Several Issues Brought Out Thereat, and Brief in Support." We determine the supplemental filings are immaterial to the disposition of this case and deny the motion.