Irvin GOODSPEED, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 71–3038.

United States Court of Appeals,
Fifth Circuit.

May 16, 1972.

Irvin Goodspeed, pro se; Harry H. Walsh, Staff Counsel for Inmates, Tex. Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Tex., Glenn R. Brown, Howard M. Fender, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a habeas petition. Petitioner, Irvin Goodspeed, is presently confined in the Texas

Department of Corrections pursuant to a 1962 conviction for armed robbery. In a petition for writ of habeas corpus filed in federal district court the petitioner presented a lengthy list of alleged constitutional violations relating to the 1962 conviction and to a 1947 conviction used for enhancement purposes. Concerning the 1947 conviction, petitioner alleged insufficiency of the evidence, admission of prejudicial evidence, and disqualification of the trial judge. With regard to his 1962 conviction, Goodspeed asserted that he was denied his constitutional right of presumption of innocence when he was tried before a jury in prison garb. Finally, petitioner alleged ineffective assistance of counsel, prejudicial publicity, suggestive lineups, and denial of his right to appeal with respect to both convictions. Finding neither conviction to be constitutionally infirm, the district court denied relief. We affirm the district court's disposition of all but one of Goodspeed's contentions.

■ The district court was correct in holding that the petitioner's claim regarding the sufficiency of the evidence in his 1947 conviction is not reviewable by writ of habeas corpus in the federal courts. *E. g.,* Summerville v. Cook, 5 Cir. 1971, 438 F.2d 1196, cert. denied, 402 U.S. 908, 91 S.Ct. 2216, 29 L.Ed.2d 685; Fulford v. Dutton, 5 Cir. 1967, 380 F.2d 16. Similarly, the trial court correctly held that admission of prejudicial evidence at the 1947 conviction does not constitute grounds for federal habeas corpus relief. Pleas v. Wainwright, 5 Cir. 1971, 441 F.2d 56. With respect to petitioner's contentions concerning ineffective assistance of counsel in both the 1947 and 1962 proceedings and disqualification of the trial judge in the 1947 conviction, we note that the merits of these claims have been previously determined adversely to the petitioner in a prior application for a writ of habeas corpus. Goodspeed v. Beto, 5 Cir. 1965, 341 F.2d 908, cert. denied, 1967, 386 U. S. 926, 87 S.Ct. 867, 17 L.Ed.2d 798. Applying the principles enunciated in Sanders v. United States, 1963, 373 U.S.

1, 83 S.Ct. 1068, 10 L.Ed.2d 148, we concluded that the ends of justice would not be served by a redetermination of these contentions. Concerning the petitioner's contentions that he was denied his right of direct appeal from both the 1947 and 1962 convictions, the district court found that the record conclusively shows that in both cases the petitioner withdrew his appeal. We agree. With respect to the assertions that both convictions are void because of prejudicial publicity, we, like the district court, refuse to consider these allegations until they have been presented to the convicting courts and the petitioner has exhausted his state remedies.

■ We next turn to the allegations involving the lineups. As to the 1947 conviction, Goodspeed contends that he was led before several persons while handcuffed to the sheriff and that the witness who identified him in the lineup later testified that she did so solely because she had seen him in the handcuffs. Petitioner, however, does not contend that the witness identified him at the trial. Indeed, Goodspeed's own allegations reflect that the witness effectively repudiated her own lineup identification. Under these circumstances we cannot state that the confrontation was so "unnecessarily suggestive and conducive to irreparable mistaken identification that [the petitioner] was denied due process of law." Stovall v. Denno, 1967, 388 U. S. 293, 302, 87 S.Ct. 1967, 1972, 18 L. Ed.2d 1199, 1206. With respect to the lineup contention in the 1962 case, the petitioner asserts that he was forced to be in a "one-to-one" show-up, that a policeman identified him as "the man," and that he was forced to put on a brown coat which had been used in the robbery and to stand with four much taller men while the victim of the robbery identified him as the robber. The victim's lineup and in-court identification of the petitioner as the robber were admitted into evidence at the 1962 trial. The district court concluded that the victim's identification of the petitioner at the trial is shown by clear and convinc-

ing evidence to have been based upon the victim's observation of the petitioner at the time of the crime rather than at the lineup identification. On the basis of the record before us, we cannot say that this conclusion is erroneous.

■ Finally, we come to the one contention which may have some merit. The petitioner asserts that his constitutional presumption of innocence was violated when he was forced to trial in his prison uniform. The district court found this assertion to be lacking in merit. Subsequent to the district court's decision, this court held in Hernandez v. Beto, 5 Cir. 1971, 443 F.2d 634, cert. denied, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (Oct. 19, 1971), that trying a defendant in prison clothing infringed a fundamental right—the presumption of innocence. However, we also cautioned: "A defendant may not remain silent and willingly go to trial in prison garb and thereafter claim error." 443 F.2d at 637. The record in the instant case does not indicate whether or not the petitioner objected to the wearing of prison garb at the 1962 trial, and, even if he failed to object, whether his failure amounted to a voluntary waiver of his right. Accordingly, we conclude that an evidentiary hearing is required to determine whether or not the petitioner voluntarily waived his right not to be tried in prison clothing.

Of course, the State of Texas asserts that (1) even if it be shown that the petitioner herein did not voluntarily waive his right not to be tried in prison garb, the *Hernandez* decision should not be given retroactive application, and (2) the error as to this petitioner was harmless beyond a reasonable doubt, Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. With respect to the assertion of harmless error, we are unable, on the basis of the present state of the record, to evaluate the probable impact of the alleged constitutional violation. With regard to the retroactivity of the *Hernandez* case, judicial statesmanship commands, as common sense commends, decisional reticence, and we decline to decide this important constitutional issue until its resolution is absolutely essential to the disposition of this case. And finally, with regard to both harmless error and retroactivity, we prefer to have the benefit of the experience and wisdom of the able trial judge.

Accordingly, the case is remanded to the district court for further proceedings not inconsistent with this opinion.

Affirmed in part and remanded in part.

SIMPSON, Circuit Judge (Specially Concurring):

I concur in the majority opinion's disposition of all the issues discussed except for its refusal to decide the question of the retroactivity of our decision in Hernandez v. Beto, 1971, 443 F.2d 634. That issue was argued and presented on this appeal, it is squarely before us and should be disposed of now in the interest of judicial efficiency. I do not agree with the statement that "decisional reticence" is either "commanded" or to be "commended".

I would hold that our *Hernandez* decision is to be applied retroactively and so instruct the trial judge for his guidance in the disposition of this case upon remand.