**Donald A. BENTLEY, Jr., Petitioner-Appellant,**

v.

**Roger W. CRIST, Warden of Montana State Prison, and the State of Montana, Respondents-Appellees.**

**No. 72–2124.**

United States Court of Appeals, Ninth Circuit.

Nov. 27, 1972.

---

David J. Patterson, Montana Defender Project, University of Montana School of Law, Missoula, Mont., for petitioner-appellant.

Robert L. Woodahl, Atty. Gen., J. C. Weingartner, Deputy Atty. Gen., Helena, Mont., for respondents-appellees.

Before DUNIWAY, ELY and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Bentley was tried and convicted in a Montana state court on three counts of assault [1] and the conviction was affirmed by the Supreme Court of Montana. State v. Bentley, 155 Mont. 383, 472 P.2d 864 (1970). He then brought this petition for a writ of habeas corpus in the District of Montana.

The petition alleged that Bentley was required to appear in the courtroom wearing the jail uniform of the Missoula County Jail. It alleged further that the uniform consisted of distinctive gray coveralls imprinted with the words "Missoula County Jail" or "Missoula County Sheriff" across the front, that petitioner's court appointed counsel objected to having him wear such clothing before a jury, and that his objection was overruled.

Counsel's objection did not state either that Bentley was compelled to wear the uniform, or that he had no civilian clothing available or that he was unable to obtain civilian clothing.

The district court was of the opinion that the facts alleged in the petition, even if true, did not show that Bentley was denied his constitutional right to the presumption of innocence.[2] This is

---

1. The counts were first degree assault, second degree assault and carrying a deadly weapon with intent to assault. Petitioner was sentenced to ten years on each of the first two counts and five years on the third, to be served consecutively. He is currently serving these sentences.

2. Although the presumption of innocence is not specifically mentioned in the Constitution it has been recognized as a requirement of due process. Hernandez v. Beto, 443 F.2d 634 (5th Cir. 1971), cert. denied, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (1971); United States v.

contrary to the weight of authority in state and federal courts.[3]

■ We conclude that the ends of justice would be better served if we adopt the majority view that compelling the accused to wear prison clothing[4] may deny to him the presumption of innocence. Therefore we reverse the order of the district court and remand for further proceedings consistent with this opinion.

■ In considering the petition on remand the district court must determine in the first instance whether the petitioner was in fact compelled to wear prison clothing at his state court trial. In making this determination the court should consider that an accused who is forced to stand trial in prison garb because of financial inability to obtain other attire is under a compulsion equal to that of the prisoner who is not allowed to don readily available civilian attire.

■ We reject the state's argument that the presumption of innocence is impermissibly impaired only when the accused is denied access to readily available civilian clothing. It is certainly true that there are many "rights" which may be denied to those without means to pay for them.[5]

■ But a right which is fundamental to due process must be accorded irrespective of ability to pay. Such is the teaching of Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

If the court determines that petitioner was forced to stand trial in his prison clothing it must then be determined whether the resulting error was harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Goodspeed v. Beto, 460 F.2d 398 (5th Cir. 1972); Watt v. Page, 452 F.2d 1174 (10th Cir. 1972), cert. denied 405 U.S. 1070, 92 S.Ct. 1520, 31 L.Ed.2d 803 (1972). If it was not, the writ must be granted.

Reversed and remanded.

---

Thoresen, 428 F.2d 654, 661 (9th Cir. 1970) (dictum); Government of Virgin Islands v. Lake, 362 F.2d 770, 774 (3d Cir. 1966) (dictum); Dennis v. Dees, 278 F.Supp. 354 (E.D.La.1968). *See also* Coffin v. United States, 156 U.S. 432, 15 S.Ct. 394, 39 L.Ed. 481 (1895).

3. *See* Goodspeed v. Beto, 460 F.2d 398 (5th Cir. 1972); Garcia v. Beto, 452 F.2d 655 (5th Cir. 1972); Hernandez v. Beto, *supra*; Brooks v. Texas, 381 F.2d 619 (5th Cir. 1967); Watt v. Page, 452 F.2d 1174 (10th Cir. 1972), cert. denied 405 U.S. 1070, 92 S.Ct. 1520, 31 L.Ed. 2d 803 (1972); Dennis v. Dees, *supra;* United States ex rel. Diamond v. Social Service Department, 263 F.Supp. 971 (E.D.Pa.1967); Commonwealth v. Keeler, 216 Pa.Super. 193, 264 A.2d 407 (1970); Miller v. State, 249 Ark. 3, 457 S.W.2d 848 (1970); People v. Shaw, 381 Mich. 467, 164 N.W.2d 7 (1969); People v. Zapata, 220 Cal.App.2d 903, 34 Cal. Rptr. 171 (1963), cert. denied 377 U.S. 406, 84 S.Ct. 1633, 12 L.Ed.2d 495 (1964); Eaddy v. People, 115 Colo. 488, 174 P.2d 717 (1946); Collins v. State, 70 Okl.Cr. 340, 106 P.2d 273 (1940); Shultz v. State, 131 Fla. 757, 179 So. 764 (1938). *Contra:* Hall v. Cox, 324

F.Supp. 786 (W.D.Va.1971); Xanthull v. Beto, 307 F.Supp. 903 (S.D.Tex. 1970); McFalls v. Peyton, 270 F.Supp. 577 (W.D.Va.1967), aff'd 401 F.2d 890 (4th Cir. 1968), cert. denied 394 U.S. 951, 89 S.Ct. 1292, 22 L.Ed.2d 486 (1969).

4. We do not decide the breadth of the term "prison clothing." Clearly any attire with the word "jail" or "sheriff" stenciled on it is "prison clothing."

5. *See, e. g.,* Johnson v. Avery, 393 U.S. 483, 488, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) (dictum that indigent prisoners are not entitled to appointed counsel in habeas corpus action). *See also* Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, rehearing denied 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200 (1963) (dissenting opinion of Mr. Justice Harlan at 361–362). *Cf.* Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) which holds that although the state need not provide criminal appeals (McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894)), any right to appeal that it does provide must be equally available to rich and poor alike.