**Norman P. FELTS,
Petitioner–Appellant,**

v.

**Wayne ESTELLE, Warden, et al.,
Respondent–Appellee.**

No. 88–5758.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1989.

Decided May 30, 1989.

Norman P. Felts, Los Angeles, Cal., Mary F. Gibbons, North Hollywood, Cal., for petitioner-appellant.

David F. Glassman, Los Angeles, Cal., for respondent-appellee.

Before SNEED, REINHARDT and BRUNETTI, Circuit Judges.

REINHARDT, Circuit Judge:

Appellant Felts was arrested on May 9, 1981 and subsequently convicted of five counts arising out of his sexual molestation of several young boys. Appellant served seven years of a thirteen-year sentence and is currently free on parole. After exhausting his state remedies, Felts sought a writ of habeas corpus[1] in federal district court, arguing, *inter alia*, that he was denied due process because he was compelled to wear prison clothes at trial. The district court denied his petition. We reverse and direct the district court to issue the writ.

Background

On October 5, 1981, approximately two weeks before the commencement of voir dire, appellant sought funds to acquire suitable clothing for his trial. Felts argued that his need was particularly acute since he intended to function as his own lawyer.[2] He advised the court that all his clothing had been stolen from his car in the police impound lot. The court ruled that the t-shirt and jeans that appellant was wearing at the time of his arrest were adequate.

On the morning of trial, appellant renewed his motion. This time, he informed the court that jail personnel had now misplaced the t-shirt and jeans. Felts requested $475.00 so that he could purchase two suits, shirts, and matching shoes and, in addition, sought to dismiss the jurors on the ground that they had already seen him in identifiable prison garb. He described the attire he was wearing for the record:

On the upper part of my pocket there is a writing that says "L.A. County Jail." It

---

1. The restraints imposed upon a released prisoner on parole are sufficiently restrictive to satisfy the custody requirement of § 2254. *Tisnado v. United States*, 547 F.2d 452, 455 (9th Cir.1976).

2. Appellant also argues that he was unconstitutionally denied the effective assistance of counsel. Since we reverse on the due process issue, we do not consider the Sixth Amendment question.

is about half-inch high. I have on dark blue jump suit. (sic) On the back I have white lettering that says, "L.A. County Jail." Approximately ten inches high. Although the motion was denied, the trial judge did order her bailiff to determine whether jail authorities would provide appropriate clothing for the defendant. She also noted that the defendant had a "runner" available to bring him any needed clothing. Trial proceeded.

Several times during trial, the court inquired of the bailiff whether suitable clothing was available for Felts. Finally, on October 26, some six days after trial commenced, the bailiff informed the court that civilian clothing was available. Felts responded that the damage had already been done, and the court then noted for the record that appellant had chosen to wear prison clothing for the remainder of trial.

Discussion

There are two interlinked questions in this case. The first question is largely factual: was Felts *compelled* to wear prison clothing against his will or did he voluntarily dress in jail garb? The second question presents an important legal issue: does a court have an *obligation* to provide civilian clothing for an indigent defendant? We answer each question in turn.

■ 1. A defendant, as a trial tactic, may choose to dress in jail clothes. *See Estelle v. Williams*, 425 U.S. 501, 508, 96 S.Ct. 1691, 1695, 48 L.Ed.2d 126 (1976). If Felts had clothes available and elected not to wear them at trial, a court may reasonably infer that his decision was predicated upon a conscious attempt to elicit sympathy from the jury. Here, however, there is no support in the record for such a conclusion. As Felts clearly stated on the record, the police lost *all* the clothing that the defendant owned, including the t-shirt and jeans he was wearing at the time of his arrest and the clothes that were in his car.[3]

Thus, the trial court's offer to provide a runner was empty since the runner could not retrieve nonexistent clothing and since Felts, being indigent, could not provide the runner with funds to purchase a suitable wardrobe. Although the court belatedly arranged for civilian attire from the jail clothing department, that offer came too late. The jury had already seen the defendant in a clearly identified prison jump suit over a period of six days. Changing into civilian clothing at that point would not erase the indelible picture of the defendant dressed in prison garb. *See Hernandez v. Beto*, 443 F.2d 634 (5th Cir.), *cert. denied*, 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (1971). *See also Williams*, 425 U.S. at 504–05, 96 S.Ct. at 1693–94; *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed. 2d 353 (1970). Under the facts of the case, it is clear that the defendant did not voluntarily don prison clothing as a strategic choice.

■ 2. We now turn to the question of whether the failure to provide a defendant with suitable clothes[4] or adequate funds for their purchase constitutes state compulsion within the meaning of *Williams*. Our holding in *Bentley v. Crist*, 469 F.2d 854 (9th Cir.1972) directly controls our decision today. In *Bentley*, we held that "an accused who is forced to stand trial in prison garb because of financial inability to obtain other attire is under a compulsion equal to that of the prisoner who is not allowed to don readily available civilian attire." *Id.* at 856. The logical corollary of this principle is that the state is under an affirmative duty to provide civilian clothing in a timely fashion and, if no such clothing is in its possession, to provide reasonable funds for the purchase of acceptable attire. In this case, appellant requested suitable wear and sought funds to buy the necessary attire. Although $475 may have been an excessive request under the circumstances, the court erred by failing either to provide Felts with

---

**3.** In his initial report, the magistrate concluded that Felts had access to the t-shirt and jeans. However, in his supplemental findings of fact, the magistrate determined that they were not in fact available at the time of trial.

**4.** We make no judgment about what constitutes suitable clothing either for a defendant who is appearing pro se or a defendant represented by counsel; nor do we express a view as to whether the same criteria apply in both cases.

suitable civilian clothes or, in the alternative, with reasonable funds for their purchase. We thus hold that the trial court compelled the defendant to wear prison garb in violation of the due process clause and the presumption of innocence.[5]

REVERSED AND REMANDED.

---

5. Appellee has not argued that the error was harmless beyond a reasonable doubt. *See Bent-ley,* 469 F.2d at 856. We therefore do not consider that question.