923 F.2d 863
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose BARRAJAS, Defendant-Appellant.
 No. 89-50561.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1990.
Decided Jan. 23, 1991.
 Before JAMES R. BROWNING, PREGERSON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Barrajas was convicted by a jury of conspiracy to distribute heroin and possession of heroin with intent to distribute. Barrajas raises seven issues on this appeal. We reject each of Barrajas' contentions and affirm.
 
 
 3
 Barrajas claims his oral waiver of his Miranda rights was ineffective in light of his refusal to sign a written Miranda waiver form. Both the Supreme Court and this court have held that the district court may properly find a waiver of Miranda rights despite a suspect's failure to sign a waiver form. North Carolina v. Butler, 441 U.S. 369, 371, 375-76 (1979); United States v. Boyce, 594 F.2d 1246, 1249-50 (9th Cir.1979). Therefore, the only question before this court is whether the district court's finding that Barrajas waived his rights was clearly erroneous. United States v. Doe, 819 F.2d 206, 208-09 (9th Cir.1985). Barrajas is correct that his failure to sign the waiver form is a fact which weighs against finding a waiver. See United States v. Heldt, 745 F.2d 1275, 1277-78 (9th Cir.1984). He is also correct that the FBI's failure to investigate Barrajas' state of mind after his refusal to sign the form weighs against finding a waiver. See id. at 1278 (the prudent course is to investigate the suspect's state of mind to determine whether he understands the significance of an oral waiver). Nevertheless, the district court's conclusion that Barrajas waived his rights is not clearly erroneous. Prior to being presented with the waiver form, Barrajas orally agreed to waive his Miranda rights and declared that his reason for doing so was to establish his innocence. He was immediately asked to sign a waiver form and, after refusing to do so, continued to speak freely with Agent Sanchez. Under these circumstances, the district court could properly conclude that Barrajas' "conduct both preceding and following his refusal to sign the waiver forms was inconsistent with an assertion of his right to silence." Boyce, 594 F.2d at 1250.
 
 
 4
 Barrajas claims the district court should have instructed the jury on the lesser included offense of simple possession based upon his possession of a marble-size chunk of heroin. Barrajas, however, was not charged with this offense. He was charged only with possessing the full 245.8 grams of heroin offered for sale by the conspirators. Possession of the marble-size chunk of heroin was a distinct offense for which Barrajas was not indicted. The jury therefore could not have convicted him of simple possession.
 
 
 5
 Barrajas claims the district court erred in refusing to give his proposed conspiracy instruction. Barrajas proposed to instruct the jury that "mere presence" at the scene of the crime, even when coupled with knowledge that a crime is being committed, is not sufficient to support a conspiracy charge; and that "mere acquiescence" in the objects of a conspiracy, without agreement, is not sufficient to support a conspiracy charge. Barrajas claims that because this instruction was not given, he may have been convicted for mere presence or mere acquiescence. We disagree.
 
 
 6
 The court explicitly instructed the jury that it could not convict Barrajas unless it found there was "a plan to commit at least one of the crimes alleged in the indictment." Further, the court instructed the jury that it must find Barrajas "willfully participat[ed] in the plan with the intent to advance or further some object or purpose of the conspiracy" in order to convict him. These instructions sufficiently warned the jury not to convict Barrajas if he merely acquiesced in the conspiracy's objectives without agreeing to advance them.
 
 
 7
 The court also instructed the jury that knowledge of a conspiracy, even when coupled with the defendant's association with the conspirators, and even when coupled with conduct which happens to advance the purposes of the conspiracy, is not enough to support a charge of conspiracy if there is no agreement. This instruction sufficiently warned the jury not to convict Barrajas for his "mere presence" with the other conspirators, even if coupled with his knowledge of their criminal objectives. Barrajas' proposed instruction was therefore redundant.
 
 
 8
 Barrajas claims he was denied a fair trial because three jurors saw him wearing handcuffs. The district court found that the jurors had seen Barrajas in handcuffs for less than 10 seconds and that the whole incident was inadvertant. "When the jury's view of a defendant or witness in shackles is brief ... or inadvertant, the defendant must make an affirmative showing of prejudice." Wilson v. McCarthy, 770 F.2d 1482, 1485-86 (9th Cir.1985). Accord United States v. Halliburton, 870 F.2d 557, 561 (9th Cir.1989). Here, Barrajas has made no showing of prejudice whatsoever. Instead, he argues the appearance of Barrajas in shackles alone establishes the necessary prejudice. In light of McCarthy and Halliburton, this is not the law in the Ninth Circuit.
 
 
 9
 Barrajas also claims he was denied a fair trial because one juror saw him wearing a prison shirt, citing Estelle v. Williams, 425 U.S. 501, 512 (1976), and Jeffers v. Ricketts, 832 F.2d 476, 481 (9th Cir.1987), rev'd on other grounds, 110 S.Ct. 3092 (1990). However, a defendant must show he was in fact compelled to wear prison clothes or no violation of his right to a fair trial has been committed. Estelle, 425 U.S. at 507-09; Bentley v. Crist, 469 F.2d 854, 856 (9th Cir.1972). Here, the district court found Barrajas was not compelled to wear his prison shirt. The district court's finding is well-supported by the record. The only evidence in support of a finding of compulsion is the statement by Barrajas' attorney that a prison guard instructed Barrajas it was "not necessary" for him to change into his civilian shirt. On this record, the district court's finding that Barrajas had not been compelled to wear the shirt was not clearly erroneous.
 
 
 10
 Barrajas claims the district court erred in refusing to grant a continuance at the sentencing hearing. The government had indicated in pre-trial papers that it intended to use Barrajas' prior conviction for a similar offense as a basis for enhancing Barrajas' sentence; Barrajas sought the continuance to challenge the constitutionality of the prior conviction.
 
 
 11
 One important factor in our review of the district court's denial of a continuance is the defendant's diligence in taking steps which would have eliminated the need for the continuance. United States v. Flynt, 756 F.2d 1352, 1358-61, modified on other grounds, 764 F.2d 675 (9th Cir.1985). Barrajas had 87 days between the date of conviction and the sentencing hearing in which to investigate the constitutionality of the prior conviction. The record reveals no effort on the part of Barrajas or his attorney to conduct such an investigation. Rather, it appears Barrajas did nothing until he requested a continuance at the sentencing hearing. The district court therefore did not abuse its discretion in denying Barrajas' motion for a continuance.
 
 
 12
 Barrajas' final claim is that there was insufficient evidence to convict him of either charge. All that is required is that a rational jury could have found the defendant guilty beyond a reasonable doubt of each of the elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 13
 The following evidence was presented by the government: Barrajas was present during the sale of the heroin. He showed FBI agents a sample of the heroin. He then gestured to a co-conspirator, Arturo Funes, to come inside the apartment. Funes came inside and retrieved the heroin from its hiding place. After his arrest, Barrajas confessed to being a go-between, bringing the buyer and seller of the heroin together. This was sufficient evidence to support a conviction for conspiracy to distribute heroin. Because of the vicarious liability created by Pinkerton v. United States, 328 U.S. 640 (1946), it was also sufficient evidence to support a conviction for possession of heroin with intent to distribute.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3