978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ed WILBORN, Defendant-Appellant.
 No. 91-50092.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1992.
Decided Oct. 30, 1992.
 
 Before FLETCHER, O'SCANNLAIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Wilborn was convicted of various crimes involving cocaine base. He raises nine issues on appeal.
 
 
 3
 * Wilborn asserts that he was compelled to stand trial in prison garb. Estelle v. Williams, 425 U.S. 501, 512 (1976); Felts v. Estelle, 875 F.2d 785 (9th Cir.1989). "In order to prevail on this issue, [a defendant] must establish that the appearance in jail clothing was involuntary, that a juror would recognize the clothing as issued by a jail, and that the error was not harmless." Jeffers v. Ricketts, 832 F.2d 476, 481 (9th Cir.1987) (citations omitted), reversed on other grounds sub nom. Lewis v. Jeffers, 497 U.S. 764 (1990).
 
 
 4
 The record indicates that Wilborn was indeed wearing "jail clothes" when his trial commenced. The record does not, however, disclose whether these jail clothes were identifiable as such by the jury. We have squarely held that "[a] person seeking reversal of his conviction because he was compelled to stand trial in prison garments must demonstrate from the trial record that a juror would recognize the clothing as having been issued by prison authorities." United States v. Rogers, 769 F.2d 1418, 1422 (9th Cir.1985) (emphasis supplied).
 
 
 5
 Wilborn's appeal brief alleges that he "proceeded through trial dressed in his orange jumpsuit and jail shoes." However, the brief points to nothing in the record to substantiate this allegation. Indeed, the representation made by Wilborn's counsel in her brief concerning Wilborn's attire at trial is directly contradicted by the record. Our review of the trial transcript reveals that when DEA Agent Jefferson pointed out Wilborn from the witness stand he described him as "the gentlemen (sic) in the blue shirt ... at the end of the table." [Transcript of Proceeding, Tuesday, October 2, 1990, at 99] This testimony is consistent with the government's contention that federal prisoners in the Central District of California are clothed in denim shirts and pants, not orange jumpsuits.
 
 
 6
 We find nothing in the record that could serve to establish that Wilborn's "blue shirt" was identifiable as that of a prisoner. Cf. Felts, 875 F.2d at 785-86 (finding prison garb identifiable where defendant stated for the record: "I have on dark blue jump suit. (sic) On the back I have white lettering that says, 'L.A. County Jail.' Approximately ten inches high."). Wilborn has not met the burden established by Rogers and Jeffers. Accordingly, his claim must fail.
 
 II
 
 7
 Wilborn next asserts ineffective assistance of counsel at trial. We do not review ineffective assistance of counsel claims on direct appeal unless the attorney's performance was so inadequate that it was plain error for the district court not to address the problem sua sponte. United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987). Our review of the record, while disclosing some cause for concern, does not reveal that performance by Wilborn's counsel reached such threshold.
 
 
 8
 Wilborn has raised many issues on appeal which his trial attorney failed to present to the district court. However, "[t]he customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). To evaluate such a claim we need "the development of facts outside the original record." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Accordingly, although serious questions regarding his trial attorney's competence may have been raised by Wilborn, they should be addressed through a habeas petition under 28 U.S.C. § 2255 because of the need in this case to develop facts outside the trial record.
 
 III
 
 9
 Wilborn admits that the issue of pre-indictment delay was not raised to the district court. Hence, the issue of such alleged defect in the indictment is waived on appeal. See Fed.R.Crim.P. 12(f); United States v. Calabrese, 825 F.2d 1342, 1346-47 (9th Cir.1987) (indictment's vagueness and failure to state an offense was not raised below and thus the issue was waived).
 
 IV
 
 10
 Wilborn also failed to object to admission of his May 12, 1988 recorded conversation with the undercover agent. Our review is for plain error. Fed.R.Crim.P. 52(b).
 
 
 11
 The relevance of the May 12 tape went to the central issue of whether Wilborn was involved in the drug transaction of January 7, 1988. There was no unfair prejudice to Wilborn. Wilborn's attorney opened the door to the playing of this tape during the cross-examination of Agent Jefferson. Also, as demonstrated by the exclusion of other tapes, the trial judge was weighing the proper factors in making evidentiary decisions. Cf. United States v. Ono, 918 F.2d 1462, 1465 (9th Cir.1990) (court need not recite on the record Rule 403 requirements). Admitting this tape into evidence by the district court did not constitute plain error.
 
 V
 
 12
 Wilborn objected to the entry into evidence of the transcripts of the tapes, and their being allowed into the jury room. He requested and received a cautionary instruction that the jury disregard the names printed in the transcript. The court instructed the jury that they were to determine for themselves who took part in the taperecorded conversations.
 
 
 13
 The district court did not abuse its discretion in allowing the transcripts to be used at trial or to go to the jury room. See United States v. Booker, 952 F.2d 247, 249-50 (9th Cir.1991); United States v. Chen, 754 F.2d 817, 824 (9th Cir.), cert. denied, 471 U.S. 1139 (1985). This circuit has long approved of the use of transcripts with recordings and has allowed the transcripts to go to the jury room. United States v. Taghipour, 964 F.2d 908, 910 (9th Cir.1992); United States v. Turner, 528 F.2d 143, 167-68 (9th Cir.), cert. denied sub nom. Grimes v. United States, 423 U.S. 996 (1975). Other circuits have also held that it is not an abuse of discretion for a court to permit use of transcripts, or even to allow them to go to the jury room with the defendant identified, if the court cautions the jury that the tapes, not the transcripts, are the evidence, and that it is up to the jury to decide who the speakers are on the tapes. See, e.g., United States v. Nixon, 918 F.2d 895, 901-02 (11th Cir.1990); United States v. Ulerio, 859 F.2d 1144, 1145-46 (2d Cir.1988) (proper even though court did not instruct jury that transcript notation of names was not conclusive when jury knew that issue was contested).
 
 VI
 
 14
 Wilborn also asserts that the district court erred in allowing police officers to identify Wilborn's voice from the tapes. Since he failed to raise this issue at trial, our review is for plain error. Fed.R.Crim.P. 52(b); United States v. Kupau, 781 F.2d 740, 742 (9th Cir.), cert. denied, 479 U.S. 823 (1986).
 
 
 15
 Wilborn fails to show a manifest injustice. The testimony was necessary to establish an element of his offense for conspiracy and distribution of cocaine which the government had the burden to prove. The admission of this testimony was not a "highly prejudicial error affecting substantial rights." United States v. Giese, 597 F.2d 1170, 1199 (9th Cir.), cert. denied, 444 U.S. 979 (1979).
 
 VII
 
 16
 Wilborn contests the sufficiency of the evidence but again admits that this issue was not raised below. Our review is for plain error. United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989). Viewing the evidence and all reasonable inferences in the light most favorable to the government, United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990), we are satisfied that the evidence was sufficient for a reasonable jury to have found Wilborn guilty of all the elements of his charged crimes.
 
 VIII
 
 17
 Wilborn alleges that the distinction drawn by the mandatory sentencing scheme of 21 U.S.C. § 841 between cocaine powder and cocaine base or crack violates the Equal Protection Clause. This argument is without merit and is foreclosed by prior decisions of this circuit and many others. See, e.g., United States v. Malone, 886 F.2d 1162, 1166 (9th Cir.1989) (congressional selection of a "market-oriented approach" and distinguishing in 21 U.S.C. § 841 between cocaine powder and cocaine base is constitutional as it furthers a legitimate governmental interest); United States v. Hoyt, 879 F.2d 505, 512 (9th Cir.1989) (same), amended, 888 F.2d 1257. See also United States v. House, 939 F.2d 659, 664 (8th Cir.1991) (distinction between cocaine base and powder does not discriminate based on race, and sentencing disparity does not violate equal protection); United States v. Avant, 907 F.2d 623, 626-27 (6th Cir.1990) (Congress specifically targeted crack cocaine in 21 U.S.C. § 841); United States v. Cyrus, 890 F.2d 1245, 1248 (D.C.Cir.1989) (treatment of cocaine base in 21 U.S.C. § 841 has a rational basis and does not violate equal protection).
 
 
 18
 Wilborn strays also into a claim of selective prosecution. However, he does not even approach the threshold burden of a selective prosecution claim. The defendant or appellant "bears the burden of showing both 'that others similarly situated have not been prosecuted and [also] that the prosecution is based on an impermissible motive.' " United States v. Bourgeois, No. 90-50595, slip op. at 5753-54 (9th Cir. May 19, 1992) (quoting United States v. Wayte, 710 F.2d 1385, 1387 (9th Cir.1983), affirmed, 470 U.S. 598 (1985)). Selective prosecution claims are evaluated "according to ordinary equal protection standards." Wayte, 470 U.S. at 608-09. Since 21 U.S.C. § 841 has already been universally upheld on equal protection grounds, Wilborn fails to establish that enforcement of the statute violates equal protection or that selective prosecution occurred here.
 
 IX
 
 19
 Wilborn contends that the district court erred in computing his criminal history category. His arguments are easily answered by the plain language of the Guidelines. Guidelines section 4A1.2(e)(2) allows consideration of any "prior sentence that was imposed within ten years of the defendant's commencement of the instant offense." Wilborn's first sentence, for reckless driving, was thus properly considered by the district court, as it was imposed in December 1980 and he commenced the instant offense in January 1988.
 
 
 20
 Wilborn's second offense, for robbery with the use of a firearm, was also properly taken into account despite the fact that, under California law, his conviction was set aside following his honorable discharge from a Youth Corrections Facility. Notwithstanding California's attempt to rehabilitate certain offenders and to soften the consequences of a criminal conviction, the Guidelines still allow the use of such state convictions in computing the criminal history category. Guidelines section 4A1.2 Application Note 10.
 
 
 21
 Finally, Wilborn's conviction for driving with a suspended license, for which he received twelve months probation, was also correctly considered. Guidelines section 4A1.2(c)(1)(A). A "summary" or unsupervised probation is to be considered in the criminal history calculation. Cf. United States v. McCrudden, 894 F.2d 338, 339 (9th Cir.) (new offense while on unsupervised probation for traffic offense properly used to enhance criminal history under § 4A1.1(d)), cert. denied, 110 S.Ct. 1534 (1990).
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3