NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-6667 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:20-cr-00197-RAJ-4 |
| HUMBERTO GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 18, 2026[**]
Seattle, Washington

Before: TALLMAN, OWENS, and R. NELSON, Circuit Judges.

Defendant-Appellant Humberto Garcia appeals several issues stemming from

his jury trial and conviction for conspiracy to distribute controlled substances in

violation of 21 U.S.C. §§ 841(a)(1) and 846.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291 and affirm.

We review a district court's factual findings about whether the defendant's attire was identifiable as prison clothing for clear error. *United States v. Sarno*, 73 F.3d 1470, 1499–1500 (9th Cir. 1995).

We review preserved evidentiary rulings for abuse of discretion and reverse only if they are manifestly erroneous. *United States v. Tsarnaev*, 595 U.S. 302, 322–23 (2022). This includes admitting evidence over an objection that it is unfairly prejudicial under Federal Rule of Evidence 403. *United States v. Sullivan*, 159 F.4th 579, 590 (9th Cir. 2025).

We review a district court's finding about whether the evidence is sufficient to support a buyer-seller or multiple-conspiracies instruction for abuse of discretion. *United States v. Moe*, 781 F.3d 1120, 1127 (9th Cir. 2015); *United States v. Ocampo-Estrada*, 873 F.3d 661, 665 (9th Cir. 2017). But we have also applied de novo review to this question, at least in the multiple-conspiracies context. *See United States v. Job*, 871 F.3d 852, 867 (9th Cir. 2017) (noting intra-circuit conflict). We review unpreserved objections to jury instructions for plain error. *Johnson v. United States*, 520 U.S. 461, 464–66 (1997).

1. Garcia argues that the district court "improperly forced [him] to appear for trial in prison garb," and that he is thus entitled to a new trial. First, Garcia's objection was untimely and unspecific. Garcia waited until jury selection was

almost done to tell the court, "I'm still in prison uniform in front of the jury." Since Garcia's delay gave "the jury the opportunity to observe [him] in [prison]-issued clothing," his objection was untimely. *United States v. Martin*, 964 F.2d 714, 719–20 (7th Cir. 1992). And without a timely objection, his claim fails. *See Estelle v. Williams*, 425 U.S. 501, 512 (1976); *Sarno*, 73 F.3d at 1499.

Second, Garcia fails to show that the court clearly erred in finding that his clothing did not identify him as a prisoner. *See Sarno*, 73 F.3d at 1499. The court observed that Garcia was dressed in an open-collar, long-sleeve white shirt with a dark colored t-shirt underneath tucked into pants that looked no different than khakis. Nothing indicates that Garcia's clothes had any labels or writing identifying them as prison-issued. *See Felts v. Estelle*, 875 F.2d 785, 785–86 (9th Cir. 1989). The court also noted that Garcia was seated at a table that blocked essentially all his attire beneath the bench from view. *See United States v. Collins*, 109 F.3d 1413, 1418 (9th Cir. 1997). We have upheld findings that similar attire was not readily identifiable as prison clothing. *See United States v. Rogers*, 769 F.2d 1418, 1421–23 (9th Cir. 1985); *United States v. Panza*, 612 F.2d 432, 436 (9th Cir. 1979). This forecloses Garcia's argument.

2. Garcia argues that the district court abused its discretion by admitting evidence of his agreement to help murder a coconspirator suspected of stealing drugs. Garcia concedes that "this challenged evidence could be relevant to the

existence and scope of a charged drug conspiracy." That Garcia was asked to supply a gun for a murder in furtherance of the drug-trafficking operation—and he was willing to do so—showed both that he was a trusted member of the organization and that he would help commit murder if it furthered the operation. The intercepted calls and text messages were relevant evidence of Garcia's involvement in the charged conspiracy. Garcia asserts that the district court should have excluded them under Rule 403 because they undermined his defense and portrayed him as involved "in a violent, international drug conspiracy." Of course, this evidence did prejudice Garcia by undermining his defense "that he engaged in his role effectively to pay for his access to drugs as an addict." But there was nothing *unfair* about this, nor did it outweigh the probative value of the evidence. *See* Fed. R. Evid. 403.

Garcia also argues that the court abused its discretion by allowing a federal agent to testify as an expert about drug traffickers and drugs. The agent testified that because drug traffickers cannot go to the police, they use firearms to protect their drugs and "resolve their business conflicts themselves through violence, or at least the threat of violence." This was permissible expert testimony and not unfairly prejudicial to Garcia. *Cf. United States v. Taren-Palma*, 997 F.2d 525, 534–35 (9th Cir. 1993) (upholding admission of expert testimony on "use of guns in narcotics transactions"), *overruled on other grounds by United States v. Shabani*, 513 U.S. 10, 11 (1994).

The agent also testified about the nature and value of the drugs involved in the conspiracy (heroin, methamphetamine, and fentanyl), where they were manufactured, and how they were smuggled into Washington. This expert testimony about the source, quantity, and value of drugs was admissible to demonstrate the scope of the conspiracy and was not unfairly prejudicial to Garcia. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1070 (9th Cir. 2011).

3.      Garcia argues that the district court should have instructed the jury on the buyer-seller rule. "Under the buyer-seller rule, 'mere sales to other individuals do not establish a conspiracy to distribute or possess with intent to distribute.'" *Moe*, 781 F.3d at 1124 (citation omitted). Because Garcia merely proposed an instruction earlier in the trial but did not make a "specific objection" and state "the grounds for the objection before the jury retire[d] to deliberate," Fed. R. Crim. P. 30(d), we review for plain error. *See United States v. Anderson*, 741 F.3d 938, 945 (9th Cir. 2013) ("[A] defendant's mere proposal of an alternate instruction does not satisfy Rule 30's standard of specificity.").

There was ample evidence that Garcia conspired to distribute drugs, including his brokering of and presence at several large drug deals. Because the evidence at trial failed to sustain Garcia's theory that he was a mere addict, the court did not err by refusing to give a buyer-seller instruction. *See Ocampo-Estrada*, 873 F.3d at 665. And, even if a defense theory has some foundation in the evidence, "it is not error to

refuse a proposed instruction so long as the other instructions in their entirety cover that theory." *United States v. Singh*, 979 F.3d 697, 714 (9th Cir. 2020) (citation omitted). Because the district court gave other conspiracy instructions that precluded a conviction based solely on a buyer-seller relationship, it was not required to deliver a separate instruction. *Moe*, 781 F.3d at 1128–29. Finally, "an improper jury instruction rarely justifies reversal of a conviction for plain error." *United States v. Lo*, 447 F.3d 1212, 1228 (9th Cir. 2006). Where, as here, there was overwhelming evidence of guilt and "no reasonable probability the jury's verdict would have been different" with the additional instruction, any error was not plain. *Singh*, 979 F.3d at 707 (citation modified).

Garcia also argues that the court improperly refused to give a multiple-conspiracies instruction. Even under de novo review, Garcia's argument fails. "A multiple conspiracy instruction is not required when a defendant 'stands trial alone.'" *United States v. Liu*, 631 F.3d 993, 1000 (9th Cir. 2011) (citation omitted). This is because "a multiple conspiracies instruction is generally designed for trials involving multiple defendants engaged in multiple conspiracies, not for trials of lone defendants who are worried that the jury may not agree upon the same set of facts." *United States v. Anguiano*, 873 F.2d 1314, 1318 (9th Cir. 1989). Because Garcia was tried alone and no evidence showed that he was part of "a conspiracy separate from or unrelated to the overall conspiracy to distribute charged

in the indictment," he was not entitled to a multiple-conspiracies instruction. *Job*, 871 F.3d at 868; *see also Moe*, 781 F.3d at 1127.

   **AFFIRMED.**