Henry Edward WATT, Appellant,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and State of Oklahoma, Appellees.

No. 380–70.

United States Court of Appeals, Tenth Circuit.

Jan. 7, 1972.

Certiorari Denied April 17, 1972. See 92 S.Ct. 1520.

Thomas T. Crumpacker, of Wood, Ris & Hames, Denver, Colo., for appellant.

H. L. McConnell, Asst. Atty. Gen. (Larry Derryberry, Atty. Gen., of Oklahoma, with him on the brief), for appellees.

Before SETH and HOLLOWAY, Circuit Judges, and KERR, District Judge.

SETH, Circuit Judge.

This is is a habeas corpus proceeding which was filed in the United States District Court for the Eastern District of Oklahoma. The petition was denied without hearing, and this appeal was taken.

The record shows that petitioner was convicted in 1967 of selling five match boxes of marijuana to a federal agent for twenty-five dollars. The petitioner had previously been convicted of a felony, and under the Oklahoma recidivist statute he was subject to a sentence by the jury on the marijuana charge of not less than ten years, but with no maximum prescribed. The jury found defendant guilty, and under Oklahoma procedure, the same jury after a further hearing sentenced him to thirty-seven years imprisonment.

On this appeal the petitioner asserts that the sentence constituted cruel and unusual punishment; that he did not have effective assistance of counsel; that the jury sentencing violated due process; and the fact that he was tried while dressed in a prison uniform was a violation of due process of law.

We find no merit in the points concerning the assistance of counsel, the sentencing procedure, nor the cruel and unusual punishment. However, the appearance in a jail uniform as it relates to due process is a matter which re-

quires a remand for further proceedings.

The petitioner urges that the fact that he appeared at the trial in coveralls on which was stenciled "Oklahoma County Jail 44" prevented him from having a fair and impartial trial. No objection relative to this issue was made during the course of the trial. The matter was first raised during the argument of a motion for new trial.

There have been several recent cases concerning the consequences of a trial of a defendant in a jail uniform. The Fifth Circuit in a habeas corpus case arising in Texas, Hernandez v. Beto, 443 F.2d 634, cert. denied 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed.2d 174 (40 U.S.L.W. 3175), considered such a trial. There the defendant at the time he was jailed was wearing ordinary street clothes, but was tried in a tee shirt and dungarees stamped "Harris County Jail." In this cited case neither the defendant nor his attorney made any request that the defendant wear his own clothes, which were available, nor did they object to the appearance in the jail uniform. The Court of Appeals stated in the opinion that the attorney made no objection because it was a common practice to try defendants who had been held in jail in prison uniform, and a request to otherwise appear would have been futile. The trial court in this cited case agreed that the petitioner's appearance could cause the jury to draw unfavorable inferences therefrom. The Circuit Court also said:

"The District Court agreed with counsel's evaluation of the situation and correctly characterized as 'rather absolute language' what we said in Brooks v. Texas, 5 Cir. 1967, 381 F.2d 619, that: 'It is inherently unfair to try a defendant for [a] crime while garbed in his jail uniform, especially when his civilian clothing is at hand. No insinuations, indications or implications suggesting guilt should be displayed before the jury, other than admissible evidence and permissible argument.' *Id.* at 624. The trial judge

went on to say: 'What was inherently unfair in Brooks v. Texas, *supra,* is also inherently unfair in this case. There is little doubt in this Court's mind that negative inferences can be, and more than likely are, created in the minds of the jurors when the accused is brought into court and tried in prison clothing.' We agree."

The Fifth Circuit also there considered the argument that the error was harmless, and held the test to be applied was as stated in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, and in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, this standard being whether or not the court could say that the error was harmless beyond a reasonable doubt, considering the overwhelming evidence factor introduced by Harrington.

As to Hernandez v. Beto, we must say that we do not agree with the Fifth Circuit to the extent that an appearance in "jail clothing," if established, leads to any automatic result if its opinion so infers.

The Fifth Circuit had the question before it in Brooks v. Texas, 381 F.2d 619, as indicated in the quotation above. The Pennsylvania court in Commonwealth v. Keeler, 216 Pa.Super. 193, 264 A.2d 407, reached the same result, and mentioned that an appearance in jail uniform "insinuates" that the defendant has been arrested for other charges than the one for which he is then being tried. See also Eaddy v. People, 115 Colo. 488, 174 P.2d 717 (Colo.), where reference is made to the humiliation the defendant must suffer when appearing in a jail uniform.

There is substantial authority contrary to that above considered. See Xanthull v. Beto, 307 F.Supp. 903 (S.D. Texas); Gregory v. United States, 365 F.2d 203 (8th Cir.), a case involving handcuffs; Thomas v. State, 451 S.W.2d 907 (Texas Cr.App.), and McFalls v. Peyton, 270 F.Supp. 577 (W.D.Va.), (jail clothing), affirmed at 401 F.2d 890 (4th Cir.).

We do not hold that the nature of the clothing worn by the petitioner at his trial was inherently prejudicial of his right to a fair and impartial trial. The Supreme Court in Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L. Ed.2d 705, and in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284, expresses two basic holdings, first: that ". . . before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt"; and secondly that not all trial errors which violate the Constitution ". . . automatically call for reversal." The matter here complained of, if it develops to be in fact an "error," can be considered as a "trial" error for these purposes. Again it is also not an "error" which automatically calls for reversal if established. It appears that the Supreme Court has placed errors of this nature in a category, and under a standard, somewhat different from that applied under Rule 52(a), Fed.R.Crim.P. See Little v. United States, 73 F.2d 861 (10th Cir.); Rice v. United States, 149 F.2d 601 (10th Cir.); Wright v. United States, 301 F.2d 412 (10th Cir.); Gay v. United States, 322 F.2d 208 (10th Cir.); and Jennings v. United States, 364 F.2d 513 (10th Cir.). Thus here the inquiry must be made under the reasonable doubt standard.

A brief reference must be made to the record before us, as it appears that during the trial reference was made to defendant's clothing as he was identified as being the person in the courtroom in "coveralls." The prosecuting attorney referred several times to defendant as "him and his kind." This reference could have been taken by the jury to refer together to those already prisoners by conviction and those charged. With the defendant in a jail uniform the jury could well have understood this to refer to defendant as a criminal, or as one already serving a sentence.

The defendant had been convicted about five years before of forgery and burglary, and was sentenced for three years on these combined charges. Here he was sentenced by the jury under the Oklahoma practice on the charge of the sale of marijuana "after a former conviction," and so received the sentence of thirty-seven years imprisonment that he is now serving. At the time of this trial the charge of sale of marijuana alone carried a maximum sentence of seven years. Under the habitual criminal statute the petitioner was subject to a sentence by the jury of not less than ten years, but with no maximum prescribed. The length of the sentence here imposed by the jury which also tried the petitioner could be regarded as an indication of the jury's prejudice toward the defendant. At the time of sentencing the jury had no information about the defendant other than what they had seen and heard at the trial for the offense, and the fact that he had been previously sentenced to three years on the charges of forgery and second degree burglary. If there existed such prejudice, it is urged that it arose from the appearance of defendant in the jail uniform.

In several of the cited cases reference is made to the possibility that the attorney and the defendant there concerned may have wanted the accused tried in jail uniform on some theory that this would be to the advantage of the accused. In the case before us the record does not reveal whether or not this may have been done. There was no hearing held by the trial court, and an answer does not otherwise appear. This matter of possible trial strategy is a factor which should be considered by the trial court on remand because the petitioner, of course, cannot deliberately create a condition for an expected advantage and, failing that, urge it as error. A deliberate purpose to be so tried may be found from the failure to object to trial in jail clothing unless the trial court is persuaded that the lack of objection resulted from circumstances that unfairly caused the defendant to forego an objection or to request to be tried in other clothing. These must be

circumstances which were not a part of trial strategy.

 An evidentiary hearing in this case is necessary for findings as to the facts. If no such deliberate purpose by petitioner to be tried in jail clothing is found, it must then be determined by the trial court whether or not it may be said beyond a reasonable doubt under Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284, that petitioner's right to a fair trial was not prejudiced by going to trial in jail clothing.

The case is reversed and remanded for an evidentiary hearing in accordance with this opinion.