Park ANDERSON, Warden, Oklahoma State Penitentiary, the State of Oklahoma, Appellant,

v.

Henry Edward WATT, Appellee.

No. 72-1666.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 20, 1973.

Decided March 19, 1973.

Paul Crowe, Asst. Atty. Gen. (Larry Derryberry, Atty. Gen. of Oklahoma, with him on the brief), for appellant.

James Gotcher, McAlester, Okl., for appellee.

Before SETH, McWILLIAMS, and BARRETT, Circuit Judges.

PER CURIAM.

The appellee, Henry Edward Watt, was tried in the Oklahoma state courts in 1967 for the "Illegal Sale of Marihuana After a Former Conviction of a Felony." He was found guilty by the jury and also sentenced by the jury. The sentence was for thirty-seven years pursuant to the state habitual criminal act. The record showed that defendant had sold five penny matchboxes of marihuana. At the time the information for this offense was filed, he was in the Oklahoma County Jail on an eighteen-month sentence following a guilty plea to the charge of receiving a stolen credit card.

Appellee's conviction on the marihuana charge was appealed to the Oklahoma Court of Criminal Appeals where it was affirmed. Okl.Cr., 450 P.2d 227.

Watt also sought a writ of habeas corpus in the Oklahoma Court of Criminal Appeals, which was denied. He then petitioned the United States District Court for the Eastern District of Oklahoma for a writ of habeas corpus. His petition was denied and he appealed to this court. This court remanded the case to the District Court for an evidentiary hearing on the issue of whether Watt had a deliberate purpose in appearing before the jury in jail coveralls with the words, "Oklahoma County Jail 44" stenciled in large letters across the back; also, if no such purpose was found, if the District Court could find, under Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), that beyond a reasonable doubt appellee's right to a fair trial was not prejudiced by his appearance before the jury in jail clothing. Watt v. Page, 452 F.2d 1174 (10th Cir.).

882

After an evidentiary hearing on remand, the District Court found that there was no ". . . deliberate desire on the part of the petitioner to be tried in his jail clothes for the purpose of sympathy or any other purpose in his behalf," and that ". . . the petitioner was prejudiced to some degree by appearing before the jury in the jail clothes above described." The District Court then granted the writ of habeas corpus, but stayed the writ for ninety days to allow the state to retry Watt. The state, through Warden Anderson, then brought this appeal.

The state asserts that the trial court misinterpreted our opinion in Watt v. Page to hold that the trial of an accused in jail clothing is a per se constitutional violation, and that fact alone was the basis for the grant of the writ in this case. This the state urges would follow Hernandez v. Beto, 443 F.2d 634 (5th Cir.), and Brooks v. Texas, 381 F.2d 619 (5th Cir.), where statements appear that it is inherently unfair to try a defendant for a crime while garbed in his jail uniform.

 We stated in Watt v. Page, 452 F.2d 1174 (10th Cir.), that the nature of the clothing worn by a defendant at his trial is not inherently prejudicial to his right to a fair and impartial trial. We find that the District Court correctly interpreted this decision, and granted the writ only after making a finding that appellee was prejudiced by appearing before the jury in jail clothing.

Appellant also urges us to hold that the finding by the trial court that the appearance of appellee before the jury in jail clothing was prejudicial to some degree was not supported by substantial evidence. We find, however, that it was supported and the finding of the trial court will not be set aside unless clearly erroneous. There is evidence in the record that appellee was referred to during the trial as "the man in coveralls" and that during his closing argument the prosecuting attorney made reference to the appellee and "his kind."

And as we said in Watt v. Page: "The length of the sentence here imposed by the jury which also tried the petitioner could be regarded as an indication of the jury's prejudice toward the defendant." Thus we find that the trial court's finding was not clearly erroneous, and that our instructions in Watt v. Page, supra, were fully complied with by the District Court.

The order of the trial court is affirmed.