DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Scioto County Court of Common Pleas, which denied Defendant-Appellant John A. Kachovee's petition for post-conviction relief filed pursuant to R.C. 2953.21. Appellant asserts that he was denied effective assistance of counsel at trial because his defense counsel failed to object to appellant's wearing of a prison-issued, orange jumpsuit during his trial, despite his desire, expressed to counsel, that he be outfitted in civilian attire. We find appellant's assignment of error to be without merit and affirm the judgment of the trial court.
On December 16, 1997, appellant was convicted of aggravated burglary under R.C. 2911(A)(1) and felonious assault under R.C. 2903.11(A)(1) and (2). These convictions stem from an incident that occurred on September 3, 1997, when appellant entered the residence of David Wetzel and cut Wetzel's throat with a knife.
Appellant initially appealed his convictions to this Court on January 7, 1998. In his initial appeal, appellant argued that, "The trial court committed reversible error and abused its discretion by compelling defendant to appear before a jury in his prison clothes." We affirmed appellant's convictions in our Decision and Judgment Entry filed January 25, 1999. See State v. Kachovee (Jan. 25, 1999), Scioto App. No. 98CA2562, unreported, 1999 Ohio App. LEXIS 210.[1]
Appellant's subsequent appeal to the Supreme Court of Ohio was dismissed. See State v. Kachovee (1999), 85 Ohio St.3d 1486,709 N.E.2d 1214.
On July 22, 1998, while appellant's first appeal was pending before this Court, he filed a petition for post-conviction relief in the trial court. In that petition, appellant made two arguments. First, appellant argued that he was "compelled to attend his jury trial in a jail-issued orange jumpsuit" because prison officials failed to allow him to change into "street" clothes before being transported to the trial court. Second, appellant argued that his counsel's performance at trial was ineffective because counsel failed to object to appellant's participation at the trial while wearing the prison-issued, orange jumpsuit.
On September 20, 2000, the trial court held an evidentiary hearing on appellant's petition for post-conviction relief. Two witnesses testified at the hearing, appellant and his friend Leslie Pine. On September 28, 2000, the trial court filed its findings of fact, conclusions of law, and judgment entry denying appellant's petition. In its judgment entry, the trial court found that there was no compulsion, on the part of the court or state, to force appellant to wear the orange jumpsuit during the trial. The trial court also found that appellant failed to prove that his counsel was deficient or that the alleged deficiency actually prejudiced appellant.
On October 30, 2000, appellant filed his notice of appeal and presents the following assignment of error for our review.
 TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ENSURE THAT HIS CLIENT APPEAR AT HIS JURY TRIAL IN STREET CLOTHES, RATHER THAN A BRIGHT ORANGE JAIL JUMPSUIT. THE TRIAL COURT'S DECISION TO THE CONTRARY CONSTITUTES AN ABUSE OF DISCRETION. (SEPTEMBER 28, 2000 FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT ENTRY, P. 2).
Appellant appeals from the trial court's denial of his petition for post-conviction relief. In State v. Cooperrider (1983), 4 Ohio St.3d 226,228, 448 N.E.2d 452, 454, the Supreme Court of Ohio held that ineffective assistance of counsel claims, based on facts not appearing in the record, must be raised through the post-conviction remedies of R.C.2953.21.[2] See, also, State v. Deer (Mar. 2, 2001), Lawrence App. No. 00CA24, unreported, 2001 Ohio App. LEXIS 1092.
"Since a postconviction proceeding is a collateral attack on a civil judgment, the trial court has the same discretion to deny relief as in any other civil post-judgment motion." State v. Apanovitch (1995),107 Ohio App.3d 82, 87, 667 N.E.2d 1041, 1044-45; see, also, State v. Steffen (1994), 70 Ohio St.3d 399, 410, 639 N.E.2d 67, 76. Since the trial court is endowed with the discretion to grant or deny relief in cases such as the one sub judice, the standard of review we must apply is abuse of discretion. See Apanovitch, supra; State v. Lemaster (Sept. 28, 1999), Pickaway App. No. 98CA46, unreported, 1999 Ohio App. LEXIS 4711; State v. Pierce (Dec. 22, 2000), Lake App. No. 98-L-232, unreported, 2000 Ohio App. LEXIS 6091.
"The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144, 148-49.
In his sole assignment of error, appellant asserts that the trial court abused its discretion when it denied his petition for post-conviction relief alleging ineffective assistance of counsel.
In reviewing claims of ineffective assistance of counsel, appellate courts are admonished to be highly deferential, indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and refrain from second-guessing strategic decisions of trial counsel. See State v. Carter (1995),72 Ohio St.3d 545, 651 N.E.2d 965; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. This point is particularly significant, as trial tactics are generally not subject to question by a reviewing court. See State v. Fryling (1992), 85 Ohio App.3d 557,620 N.E.2d 862.
"Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley, 42 Ohio St.3d 136,538 N.E.2d 373, paragraph two of the syllabus, citing Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052; State v. Lytle (1976),48 Ohio St.2d 391, 358 N.E.2d 623. "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
"A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694,104 S.Ct. at 2068; see, also, State v. Bradley, 42 Ohio St.3d at 142,538 N.E.2d at 380. In this analysis, the court must consider the totality of all the evidence before the judge or jury. See State v. Bradley,42 Ohio St.3d at 142, 538 N.E.2d at 380, citing Strickland v. Washington,466 U.S. at 694, 104 S.Ct. at 2068.
Simply put, the Strickland test, adopted by the Supreme Court of Ohio in Bradley, requires that appellant show, first, that trial counsel's performance was in some way deficient, and second, that that deficient performance prejudiced appellant's defense. See Strickland v. Washington,466 U.S. at 668, 104 S.Ct. at 2052.
Appellant argues that his trial counsel was ineffective because counsel failed to object to his client's wearing of prison attire during the course of the trial. In Estelle v. Williams (1976), 425 U.S. 501,96 S.Ct. 1691, the United States Supreme Court held that the state cannot, consistent with Fourteenth Amendment Due Process and Equal Protection rights, compel a defendant to stand trial before a jury while dressed in identifiable prison clothing. However, the failure to object to the court in regard to being tried in prison clothing serves to negate the presence of compulsion by the state needed to show a constitutional violation. See Estelle v. Williams, 425 U.S. at 512-513, 96 S.Ct. at 1697.
We are not presently dealing with an alleged violation of appellant's Fourteenth Amendment Due Process or Equal Protection rights as set forth in Estelle. There is no evidence in the record that the trial court or the state compelled appellant to wear the prison-issued, orange jumpsuit during the trial, and our decision in the initial appeal properly concluded this issue. See Kachovee, supra. And, even if appellant were attempting to raise the issue that the state or court compelled him to wear the prison garb during his trial, this claim would be barred by res judicata. See Cooperrider, supra.
Rather, the issue this Court is faced with is whether the failure of appellant's trial counsel to object to the court regarding his client's prison garb constitutes deficient performance. And, if this inaction by counsel does constitute deficient performance, whether it prejudiced appellant's case.
In rendering its judgment in Estelle, the United States Supreme Court noted that the courts have refused to establish a bright-line rule that would vacate every conviction where the accused appeared before the jury in prison garb. See Estelle v. Williams, 425 U.S. at 507,96 S.Ct. at 1694. Instead, the court emphasized that forcing a defendant to stand trial in prison garb, against his will, was to be condemned. See id. The Estelle court stated that
 the reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. The cases show, for example, that it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury.
Id. at 508, 96 S.Ct. at 1695, citing Anderson v. Watt (C.A.10, 1973),475 F.2d 881, 882; Watt v. Page (C.A.10, 1972), 452 F.2d 1174, 1176, certiorari denied (1972), 405 U.S. 1070, 92 S.Ct. 1520; Garcia v. Beto (C.A.5, 1971), 452 F.2d 655, 656.
The Estelle court further stated that
 Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney. Any other approach would rewrite the duties of trial judges and counsel in our legal system.
Estelle v. Williams, 425 U.S. at 512, 96 S.Ct. at 1697.
The United States Ninth Circuit Court of Appeals has dealt with a similar situation where a defendant claimed ineffective assistance of counsel based on his attorney's failure to object to the defendant's wearing of prison garb while attending his jury trial. See United States v. Wells (Oct. 13, 1998), C.A. 9, No. 97-35656, unreported, 1998 U.S. App. LEXIS 26240, unreported. In Wells the court stated that
 Although counsel's failure to object to certain evidence may be the proper basis for a claim of ineffective assistance of counsel, see Crotts v. Smith, 73 F.3d 861, 866 (9th Cir. 1996), the circumstances here do not persuade us that [counsel's] conduct fell outside the wide range of professional competence. * * *. Because producing an accused in prison clothing is a valid defense tactic, it cannot be the sole basis for a determination of ineffective assistance of counsel.
See Wells, supra (emphasis added).
Similarly, we have previously stated that
 Our review of trial counsel's performance must necessarily be highly deferential. As the Strickland Court noted, it is always easy in hindsight to criticize the strategic decisions of an attorney whose client has been convicted. Strickland, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d at 694. Thus, we strongly presume that, "under the circumstances, the challenged action might be considered sound trial strategy." State v. Carter (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, 977.
State v. Singer (July 31, 2000), Ross App. No. 99CA2845, unreported, 2000 Ohio App. LEXIS 3518; see, also, State v. Edgington (Dec. 11, 1996), Ross App. No. 95CA2151, unreported, 1996 Ohio App. LEXIS 5697, quoting State v. Rubenstein (1987), 40 Ohio App.3d 57, 64, 531 N.E.2d 732, 740.
Although other attorneys may have suggested or done otherwise, we decline to second-guess trial counsel's decision to allow his client to stand trial in prison garb because this decision has been acknowledged to be a strategic one. See Estelle, Wells, Singer, and Edgington, supra. As such, appellant has failed to meet the first prong of the Strickland analysis.
Even assuming arguendo that we were to agree with appellant that trial counsel's failure to object to appellant's presence at trial in prison clothing was somehow deficient (i.e. that appellant had met the first prong of Strickland), appellant has not shown how he was prejudiced in this case.
As we have already noted, in order to demonstrate that he was prejudiced by counsel's deficient performance, appellant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington,466 U.S. at 694, 104 S.Ct. at 2068; see, also, State v. Bradley,42 Ohio St.3d at 142, 538 N.E.2d at 380.
There was ample evidence presented during appellant's trial to support his conviction, including the positive identification made by the victim, David Wetzel. Other individuals testified that on the night of the incident appellant arrived at a friend's house asking for a ride to the victim's residence. In addition, evidence, consisting of a knife and a vest, was found in the trunk of a car owned by appellant's supposed girlfriend and was admitted into evidence at trial. The vest was similar to one the victim testified his assailant was wearing during the attack.
Thus, appellant has not shown that there is a reasonable probability that, but for trial counsel's alleged errors, the result of the trial would have been different.
Appellant failed to prove either that his trial counsel's performance was deficient or that he was prejudiced by it. Therefore, we find that the trial court's decision to deny appellant's petition for post-conviction relief was not an abuse of discretion.
Accordingly, appellant's assignment of error is hereby OVERRULED, and the judgment of the trial court is AFFIRMED.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILY CONTINUED FOR A PERIOD NOT TO EXCEED SIXTY (60) DAYS UPON THE BAIL PREVIOUSLY POSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five (45) day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.
[1] Appellant also claimed ineffective assistance of counsel based on his trial counsel's failure to request a continuance so that appellant might change out of the orange jumpsuit and into civilian clothes. This assignment of error was overruled on the assertion that it was based on facts not in the record. See Kachovee, supra. Our decision on that assignment of error was based on the Supreme Court of Ohio's ruling inState v. Cooperrider (1983), 4 Ohio St.3d 226, 448 N.E.2d 452.
[2] We note that we have previously overruled appellant's assignment of error which claimed ineffective assistance of counsel based on his trial counsel's failure to seek a continuance so that appellant might change his clothes before trial. This ruling was based on the reasoning inCooperrider.